### RICE v. ROBERTS.

(Supreme Court, Appellate Term, First Department. February 18, 1913.)

MASTER AND SERVANT (§ 70*)—CONTRACTS—ADVANCEMENTS—RIGHTS OF AS-SIGNEE.

   Where the assignor of a business advanced to the defendant monthly payments under an agreement that at the end of each year defendant was to return all in excess of the commissions he had earned, the assignee of such business could recover the excess paid by his assignor.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 82–86; Dec. Dig. § 70.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Hyland P. Rice against Raymond P. Roberts. Judgment for defendant, and plaintiff appeals. Reversed.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

Joseph Day Lee, of New York City, for appellant.

Henry Goldstein, of New York City, for respondent.

SEABURY, J. The action was tried upon an agreed statement of facts. The defendant was in the employ of the plaintiff's assignor

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

under a written contract of employment. The contract contained the following clause:

"The company [plaintiff's assignor] shall during the term of employment advance to the party of the second part [defendant] on account of such commissions the sum of one hundred dollars per month, payable on the last day of each month; but the party of the second part hereby agrees that, if such advances shall at any time exceed the compensation earned, he will repay such excess to the company on demand; provided, however, that, if this contract remains in force for a full year, the amount to which the party of the second part shall be entitled shall be not less than one thousand dollars."

The plaintiff's assignor advanced to the defendant a sum in excess of the compensation which the defendant earned during the years 1906 and 1907. The present action is brought to recover the sum paid in excess of the defendant's earnings. The court below erred in awarding judgment for the defendant. Under the clause in the contract quoted above, the defendant was entitled to receive a yearly salary, which should not be less than $1,000, and was obligated to repay all advances which he received over this amount of $1,000 a year which should be in excess of the commissions earned by him.

It appears, therefore, that the plaintiff is entitled to recover judgment against the defendant; and, as it is stipulated that, if the plaintiff is entitled to recover any amount whatever, he should recover the sum of $400, it follows that the judgment should be reversed and judgment directed for the plaintiff against the defendant for $400, together with the costs taxable in the Municipal Court and the costs of this appeal. All concur.