BENJAMIN P. WIEDER, Plaintiff, Respondent, *v.* ABRAHAM NUS-
BAUM et al., Defendants, Appellants.

Supreme Court, Appellate Term, First Department, June 26, 1924.

**Master and servant — action for damages for unexpired period of employ-
ment contract terminated by defendant — contract provided plaintiff
was to receive seven and one-half per cent commission, plus $100
weekly in advance and expenses — express stipulation in contract pro-
viding plaintiff was to return and repay all advances — measure of
damages is not based on amount of advances where employee expressly
promises to repay drawings — plaintiff only entitled to what he would
have earned during unexpired term at rate fixed in contract — defend-
ants entitled to recover on counterclaim though it be found contract
was breached by them.**

Where there is an express or implied promise on the employee's part to repay
unconditionally advance drawings, the amount of the advances is not the measure
of damages for the unexpired term, in the event of a breach of the contract of
employment by the master. Rather, the servant is entitled to what he would
have earned during the unexpired period at the rate of compensation fixed in
the agreement.

Accordingly, it is error for the trial court in an action for damages for the unexpired
period of an employment contract breached by the defendant to base the
determination of the amount to which plaintiff was entitled on the $100 weekly
which was allowed plaintiff as an advance on his commissions where it appears
that the contract of employment, after providing for the payment of seven
and one-half per cent commission plus the $100 weekly advance and expenses,
contained a provision whereby the plaintiff expressly agreed to return and
repay to the defendant all the moneys received by him by way of advances.

It was error for the trial court to refuse to permit the defendants to recover on
their counterclaim for unpaid advances since, though they breached the contract,
the ruling that they were not entitled to recover has no foundation in law.

APPEAL by defendants from a judgment of the Municipal Court
of the city of New York, borough of Manhattan, third district,
rendered in favor of plaintiff.

*Louis Halle* (*Emanuel Tacker*, of counsel), for the appellants.

*Alexander Fox*, for the respondent.

LEVY, J. Plaintiff brought an action to recover $750 for breach
of a contract of employment. Recovery is sought upon a written
agreement wherein it was provided that plaintiff was to receive seven
and one-half per cent commission of the gross sales; that plaintiff
should receive an advance each week of $100 and expenses and an
express promise on the part of the plaintiff to return and repay to
defendants all moneys received by him by way of advances. Before
the termination of the agreement the defendants severed their rela-

tionship with the plaintiff. The defendants deny the breach and that · the plaintiff suffered any damages and set up a counterclaim in the sum of $673.12. The trial court found that the defendant had breached the contract; that the plaintiff was entitled to recover the sum of $692.35; that the defendants having breached the contract they were not entitled to recover on the counterclaim.

It appears that the trial court's determination of the amount to which plaintiff was entitled was based on the $100 per week which was allowed plaintiff as an advance on his commission. Appellants' position is that the trial court adopted a wrong measure of damages. I am in accord with this contention. Where there is an express or implied promise on the part, of the employee to repay drawings absolutely the amount of drawing is not the measure of damage for the unexpired term, where the term had expired on or before the day of trial. *Rice* v. *Roberts*, 140 N. Y. Supp. 114. In such a case the employee, in the event of a breach, is relegated to the basic proposition of law that what the employee is entitled to is what he would have earned during the unexpired period at the rate of compensation fixed in the agreement. The trial court has apparently confused a case where there is no express promise to repay the drawings unconditionally. In the latter instance the drawing account is taken as the measure of damages for the unexpired term. Not so in the present case.

The trial court refused to permit the defendants to recover on the counterclaim, saying in its opinion: " The defendants having breached the contract, permitting them to recover on their counterclaim or set-off against any sum that may be due to the plaintiff by reason of the breach on the part of the defendants would be permitting the defendants to profit by their own wrong doing."

In this conclusion the learned trial court was in error. The defendants undoubtedly are entitled to recovery on their counterclaim even though it be found that they breached the contract. The plaintiff is as much bound by obligations assumed by him under the contract as he is entitled to the benefits of the provisions of the contract in his favor. Defendants' rights are determined by these contracts in the same manner as are their liabilities. To hold that the defendants are not entitled to recover on their counterclaim in these circumstances, because of their breach, has no foundation in law, and, therefore, should not be sanctioned by this court.

Judgment reversed and new trial ordered, with thirty dollars costs to the appellant to abide the event.

BIJUR AND MULLAN, JJ., concur.

Judgment reversed and new trial ordered.