LUCIAN M. BALEE, Respondent, v. HIDALGO COUNTY WATER IMPROVEMENT DISTRICT No. 4 OF HIDALGO COUNTY, TEXAS, Appellant.

First Department, June 13, 1930.

*Lincoln McCormack,* for the appellant.

*W. Morton Carden,* for the respondent.

FINCH, J.  From so much of an order as granted the motion of plaintiff to strike out from the answer the second separate defense as insufficient in law, defendant appeals.

The order must be reversed and the motion to strike out denied.

The assignor of plaintiff, one Elkins, under a contract with defendant, a water improvement district of Hidalgo county, Tex., paid $4,000 to the defendant in Texas at the time of the making of an agreement to purchase and receive at Little Rock, Ark., $450,000 of a municipal note issue.  This sum was to be applied by the defendant to a deferred payment to become due under the contract, or retained as liquidated damages in the event the assignor of plaintiff failed to take up the notes.  The note issue was subject to the approval of counsel that the notes were the " binding general obligations " of the district.  The defense struck out is the Texas Statute of Limitations.

The Civil Practice Act provides that a cause of action arising outside of this State cannot be brought in a court of this State after the expiration of the time limited by the laws of the State or country where the cause of action arose, except where the cause of action originally accrued in favor of a resident of this State. (Civ. Prac. Act, § 13.)  The assignor of plaintiff was not a resident of this State.

Since the plaintiff alleges a breach of the contract by the defendant and is suing to recover the deposit paid down upon the making of the contract, it would seem that his action is in quasi contract for money had and received upon the theory of rescission. Obviously the allegations of the defense sought to be struck out are admitted as true as against the plaintiff.  In paragraph 2 of the separate defense in question it is set forth that the contract for the purchase of the notes was made and entered into within the State of Texas and that the cause of action alleged in the complaint, if any, arose in the State of Texas.  Coupled with this statement, we find in another portion of the answer of the defendant the allegation that *at the time of the making and delivery of the contract*

*the assignor of plaintiff delivered to defendant a check for $4,000* as security for the performance by him of the terms of the contract. Thus it appears by the contentions of the defendant that at the time of the making and delivery of the contract in Texas the $4,000 was there paid as security by the assignor of plaintiff. In the separate defense it is further alleged, according to the contentions of the defendant, that the assignor of plaintiff refused to comply with the terms of the contract and that thereupon, by resolution of the board of directors of the defendant, the defendant declared the contract at an end and cashed the said check for $4,000 and refused to pay the same, although payment thereof was demanded by Elkins. It would thus appear that the plaintiff is not suing for a breach of the contract but, because of the breach, elects to sue not upon the contract but for the return of his deposit upon a quasi contractual obligation arising in Texas, where this amount was paid to the defendant and was demanded and where, therefore, the cause of action for this amount arose. It is true that in general, according to the American authorities, including those of New York, the principle is recognized that where a contract is to be performed in a place other than that in which it was made, the parties are held to have intended to adopt as the law to govern the contract the law of the place of performance. (*Graham* v. *First Nat. Bank of Norfolk,* 84 N. Y. 393; *Hall* v. *Cordell,* 142 U. S. 116.) For the reasons stated, however, the cause of action here sued on arose in the State of Texas.

Even if, however, we look upon the cause of action stated in the complaint as one for damages upon the contract, even then the plaintiff may show upon the trial that there was an anticipatory breach of the contract within the State of Texas before the time when the notes were to have been delivered in Arkansas, and that by reason thereof the cause of action arose in Texas. According to the claim of the plaintiff, the so-called legal opinion attached to the complaint held that the appellant could not issue general obligation notes of the district without an election. In this event appellant has made it impossible to carry out the terms of the contract by issuing some other form of note which would prevent the issuance of the specific notes in time for delivery. Therefore, the issuance of these notes in Texas not in accordance with the contract prior to their delivery in Arkansas, may be construed as constituting the breach, rather than the failure to deliver the specific notes in Arkansas. If the plaintiff seeks to rely on this action of the appellant, then an anticipatory breach took place and a cause of action arose in favor of the plaintiff and against the appellant and this cause of action arose in Texas, and not in Arkansas. In

*Wester* v. *Casein Co. of America* (206 N. Y. 506) the place of performance was in Argentine but the contract was breached in New York by delivery of a telegram of repudiation, and it was held that this constituted an anticipatory breach making the cause of action arise in New York and giving the New York courts jurisdiction, although the plaintiff was a non-resident and the defendant a foreign corporation. Judge CHASE, speaking for the court, said (p. 514): "An anticipatory breach of contract is not necessarily confined to the place of performance named in the contract. It depends upon the facts and circumstances in each case."

It follows that the order appealed from (in so far as it granted the motion of plaintiff to strike out the second separate defense of defendant) should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, P. J., and O'MALLEY, J., concur; MERRELL, J., dissents.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.