ST. PAUL, J.
 

 The plaintiff company, being insolvent, agreed with defendant that, if he would pay all its creditors 25 cents on the dollar, it would turn over to him all its physical assets and good will.
 

 This turning over of assets and good will was accomplished by transferring to him its whole capital stock, after which he paid all the debts of the corporation, except state, municipal, and federal taxes, and an insurance bill. Most of the creditors were willing to receive, and did receive, 25 cents on the dollar; some of them, however, who held secured claims, were paid in full.
 

 Afterwards the company paid the state, municipal, and federal taxes in full, and now seek to recover the amount from defendant. •
 

 His defense is that he was under no obligation to pay those bills.
 

 We do not think this contention well founded. As. we have said, he became the sole owner of the company and of all its assets, and it is manifest that, if he did not pay the taxes thereon, he would lose the assets and all' the money which he was to. put up. Moreover, he did pay the secured creditors in full, and a circular'issued with ,his knowledge declared that he was to páy the taxes on the property. We'think, therefore, that he intended, and was obligated, to pay all these debts. But the proof shows that, besides paying the creditors whom he did pay, he paid over to the company some $10,600. There is attempt to explain what became of $5,300 of this amount, but no attempt whatever to explain the other $5,300. We think, as the district judge did, that this amount was used by the company in paying these claims.
 

 I.
 

 It is urged that this payment to the company should not have been allowed in evidence, because payment was not specially pleaded. But this is not correct; defendant was not attempting to show that, after he became indebted to the company, he paid them what hp owed them. What he was endeavoring to show, and did show, was that he never became indebted to the company for these payments because he had himself furnished the
 
 money
 
 with which the company had paid.
 

 II.
 

 The company also claim the return of $600 which he drew whilst in its employ.
 

 He was employed as assistant manager, for which services he was to be “allowed” a drawing account of $300 per month and “receive” one-third of the profits; it being understood, however, that the amount of the drawing account should be deducted from the share of the profits. There were no. profits; hence this claim.
 

 We do not think the claim well founded.. It is clear that this allowance was a salary, for plaintiff could receive one-third the profits only if profits were, made, and again the drawing could be deducted from the profits only if profits' were made; We do hot agree with the authorities cited by plaintiff and the
 
 *696
 
 position taken by him that this allowance was to he returned in any event and even if no. profits were made. The meaning of the clause was to make it clear that defendant was not to receive both $300 per month and also one-third the profits, for without this clause it might have appeared as if defendant were entitled to both; that is to say, to $300 per month, plus one-third the profits. And with this clause it was clear that he was to receive his one-third the profits only after deduction of the $300 per month which he was to. receive.
 

 Nor do we think that defendant has forfeited the amount of his salary by leaving plaintiff’s employment before the expiration of his contract, for the evidence shows that he left with the full consent of the officers of the corporation, who in the meanwhile had repurchased its whole capital stock, and were doubtless glad to be relieved of the obligation to share profits with defendant.
 

 The trial judge was therefore correct in rejecting all of plaintiff’s demands.
 

 III.
 

 Defendant was in plaintiff’s employ four months, during' which he drew only $600 instead of the $1,200 to ifrhich he was entitled. In this court he asks us to amend the judgment by allowing him the difference.
 

 This we cannot do, for in the court below he urged this claim by a separate suit instead of by reconventiónal demand in this suit; and, when judgment went against him in that suit, he did not appeal. Hence that claim is not before us.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.