JOHN F. DENIHAN, Plaintiff, *v.* FINN-IFFLAND & COMPANY, INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, April 26, 1932.

*Harry L. Guggenheim*, for the plaintiff.

*Oeland & Kuhn* [*George W. Riley* of counsel], for the defendant.

EDER, J.   By the terms of the contract in question, the defendant, a foreign corporation, organized under the laws of the Commonwealth of Pennsylvania, employed the plaintiff as a salesman.   The contract is dated September 13, 1930, but it is provided that it shall take effect and be binding as of August 7, 1930, and shall continue in force and effect from year to year, but that either party may terminate it by giving the other party sixty days' written notice, or upon mutual agreement it may be terminated at any time. The defendant discharged the plaintiff without giving such notice. As to the compensation of the plaintiff it provides: " The second party shall be allowed to draw One hundred Thirty Dollars ($130) per week against future commissions.   This amount together with traveling expenses which may be advanced by the first party shall be charged against the account of the second party from accrued and future commissions."

Various defenses were interposed by the answer originally filed, but these have been withdrawn, and that the plaintiff was discharged,

without legal justification, appears to be conceded. The defendant, however, by its amended answer, has interposed a counterclaim, as upon a debt, claiming that by the law of Pennsylvania, which, it asserts, governs the interpretation of the agreement, defendant is entitled to recover from the plaintiff the amount by which the advances to the plaintiff exceeded his earned commissions.

It appears that the contract was mailed by the defendant to the plaintiff from Pennsylvania so that he could here affix his signature thereto, and that after signing it here, he remailed it to the defendant and that it was signed by it at Scranton, Penn. I must be deemed, therefore, to have been made there, as it was. not completed until acceptance by it, which was in that State. (*Shelby Steel Tube Co.* v. *Burgess Gun Co.*, 8 App. Div. 444.) It is the general rule that *lex loci contractus* governs the rights and liabilities of the parties unless a different intent appears (*Youssoupoff* v. *Widener*, 126 Misc. 491; affd., 219 App. Div. 712; affd., 246 N. Y. 174), when this rule yields to the contrary intent. (*Smith* v. *Compania Litografia de la Habana*, 127 Misc. 508; affd., 220 App. Div. 782.) This case also holds that the presumption is that the law of the place of performance controls a contract executed in another State. And the parties are generally held to adopt the law of the place of performance of the contract. (*Balee* v. *Hidalgo County, etc.*, 229 App. Div. 660.)

In the case at bar it is contended by plaintiff that the counterclaim must fall because the contract in issue is governed by the law of this State in that the place of performance was here, and so intended by the parties, and under the law of this State one employed as a salesman is under no personal obligation to repay advances made to him to be charged against future commissions, in the absence of an agreement, express or implied, to repay; and, further, that an agreement to pay such an employee a specified sum per week, which sum is to be charged against future commissions, entitles him to recover this drawing account during the entire term of the contract regardless of commissions earned. This is the rule which obtains in New York. (*Northwestern Mut. L. Ins. Co.* v. *Mooney*, 108 N. Y. 118; *Wolfsheimer* v. *Frankel*, 130 App. Div. 853, 856; *Schlesinger* v. *Burland*, 42 Misc. 206; *Levay* v. *Goldwasser*, 75 id. 461.)

Therefore, if performance of the contract was to be here, which I find to be the fact, the counterclaim interposed is unavailing, as under the law of this State defendant cannot recover, as I find that there was no agreement, express or implied, on the part of the plaintiff to repay the advances made.

The contract itself is silent as to the place of performance, but the surrounding facts and circumstances indicate to my mind that performance of the contract was intended to be made here.

Plaintiff resided here; at the time of the making of the contract and for some time prior thereto and ever since, the defendant has maintained an office in this city, and for some period of time before and after the making of the contract plaintiff was in charge of its office here. Moreover, in point of fact, by far the larger part of plaintiff's services were rendered in New York, and while plaintiff did on some three occasions make sales for defendant outside of New York, these sporadic instances I find, as a fact, were exceptions and intended as special permissible deviations from the true intent of the parties that the contract was to be performed here. This intent is plainly evidenced, among the other things indicated, by the letter of March 9, 1931, reading, " Subject, District Manager for *New York* office," and stating that plaintiff has been its " *New York District* Sales Manager " and refers to his desire to be relieved of his executive responsibility " for the *New York* office." Also, referring to plaintiff, " Mr. J. F. Denihan will continue in our employ *on New York sales.*"

In view of all these facts and surrounding circumstances, I think it clear that it was the intent of the parties to this contract that the place of its performance was to be in New York. Nowhere is there any indication that it was to be elsewhere.

Accordingly, there remains only the question of the amount of plaintiff's recoverable damage. Plaintiff seeks payment of $130 per week from April 22, 1931, to June 17, 1931, totaling $1,040, but reduces his claim to the jurisdictional amount of this court, *i. e.*, $1,000, which sum defendant refused to pay. During all this time plaintiff tendered his services to the defendant but was not permitted to work and he has earned nothing during this period. His measure of damage, *prima facie*, is the stipulated drawing account for the unexpired term. (*Wieder* v. *Nusbaum*, 123 Misc. 395; *Rice* v. *Roberts*, 140 N. Y. Supp. 114.) Plaintiff is, therefore, entitled to recover and is awarded judgment for $1,000, and it follows that the counterclaim must be dismissed.