**AMERICAN FURNITURE CO., Inc., v.
SNELL et al. ***
No. 5123.

Court of Appeal of Louisiana.
Second Circuit.
Dec. 13, 1935.

Chandler & Chandler, of Shreveport, for appellant.

Foster, Hall, Barret & Smith, of Shreveport, for appellees.

DREW, Justice.

Plaintiff alleged that William M. Snell, formerly a resident of Caddo parish, La., died on February 18, 1934, and the defendants herein, his widow, Mrs. Lula Marie Snell, and his minor child, Doris Thigpen Snell, were recognized by judgment of court as the widow in community and sole heir of the deceased, William M. Snell, and they were put into possession by judgment of the court; that by said judgment Mrs. Snell became unconditionally bound and the minor child bound, with the benefit of inventory, for the debts of deceased.

Plaintiff further alleged that the deceased entered into a contract of employment, in writing, with plaintiff; that by virtue of said employment petitioner advanced cash to the deceased, Snell, at various times, which advances became subject to credits by virtue of commissions earned by him. It attached a sworn, itemized statement of the account with Snell, covering a period from November 15, 1928, to February 28, 1934, showing a balance due petitioner of $436.67; and alleged same was due and owing by the defendants herein, for which amount it prayed for judgment.

Defendants filed an exception of no cause of action in the lower court, but as it is not urged here, it has passed out of the case.

The defense set up is that all amounts paid by plaintiff to the late William M. Snell were paid to him at a fixed drawing account rate, and were not to be paid back to the plaintiff, except out of commissions earned by said Snell, and there was no personal liability in the event the commissions earned were less than the amount paid to him under his drawing account.

On these issues the case was tried below, resulting in judgment for defendants. and rejecting plaintiff's demands; from which judgment, plaintiff has appealed.

The sole and only proposition, therefore, before the court is to arrive at a correct interpretation of the contract, which reads as follows:

"State of Louisiana, Parish of Caddo.

"Be it known and remembered:

"That the following contract is this day made between Wm. M. Snell, hereinafter designated as employee, and American Furniture Company, hereinafter designated as employer.

"Whereas, said employee does hereby obligate himself to perform the duties which may be prescribed for him by said employer diligently, and the said employee further obligates himself to conform to the hours of work prescribed by said employer, and for said employment is to receive 4% of the net sales made by said employee while in the employment of this employer, provided, however, that any merchandise sold by said employee which shall be repossessed or returned to the employer, or not paid for, that 4% of the amount due on said merchandise at the time of repossession, return or when charged to profit and loss account by em-

ployer, shall be charged against said employee. It is agreed that the employer shall have the right to determine when any account shall be charged to profit and loss.

"It is further agreed by the parties hereto that the employer, its officer, or agent may discharge said employee with or without notice at any time, and with or without cause, as it may see fit, and said employee agrees that he shall receive in full satisfaction of this agreement only such sums as may be due him on commissions at the time of said discharge, less whatever amounts said employee may owe employer, which said sum said employer agrees to pay said employee upon his discharge.

"It is further agreed that the employee, when called upon to do so, will execute a note bearing 8% interest for the unpaid portion of his account, and that in case any sums are advanced to said employee, said sums shall be considered as an advance or loan, and said employer shall have the right to deduct same from whatever funds may be due said employee at any time said employer may see fit.

"It is further agreed that this is the only contract existing between the parties and said parties agree that no verbal agreement shall affect this contract in any way whatsoever.

    "Wm. M. Snell.
    "American Furniture Co.,
        "By C. B. Hollis, Manager."
"Witnesses:
"Mable Cole
"John R. Jeter."

■ There is no disagreement between the opponents here as to the law applicable to the determination of the issues here involved. It is tersely set forth in 57 A.L.R. 33, in the following language:

"The rule to be deduced from the authorities is that where the contract of employment provides for advances to the employee, which are to be charged to and deducted from the commissions agreed by the employer to be paid to the employee, as the same may accrue, the employer cannot, in the absence of either an express or implied agreement or promise to repay any excess of advances over the commissions earned, recover from the employee such excess."

And in Richmond Dry Goods Co. v. Wilson, 105 W.Va. 221, 141 S.E. 876, 877, 57 A.L.R. 31, the court reasoned out the proposition in a clear and concise manner, in the following language:

"We cannot construe this engagement to imply that all the risk was taken by the employee. We regard it rather as signifying a joint enterprise in which the employee furnished his time and ability and the employer furnished the money necessary to enable the employee to devote himself thereto. Both expected the adventure to produce a fund (the earned commissions) from which each would be fully compensated—the one for his time and labor, and the other for his money. The advances are therefore not regarded as loans to the employee but as speculations in a common enterprise. 'In its strictly etymological significance, the "advance" of money would not imply a loan. Century Dictionary, "advance."' 1 Am. & Eng. Ency. of Law, (2d Ed.) 757. We speak of an advance of wages, and advance of salary, yet no one would regard this as a loan of so much money to the employee, which he has promised or is expected to repay. Again, for the purposes of a joint adventure, one agrees to give his services and the other to advance the capital required. No one would consider the former bound to repay the capital advanced out of his own means. Hence, without a promise to repay, express or fairly to be implied from the agreement under which the advances were made, a promise to advance money for a particular purpose—as here, the furtherance of the defendant's business—does not import an expectation of its return personally by the person to whom the money was 'advanced.' " Schlesinger v. Burland, 42 Misc. 206, 208, 85 N.Y.S. 350, 351. See, also, Arbaugh v. Shockney, 34 Ind.App. 268, 275, 71 N.E. 232, 72 N.E. 668.

"A contract under which the employer guaranteed to 'loan or advance' stipulated sums per month, to be charged against and deducted from commissions that might accrue under the contract, imposes upon the employee no personal obligation other than to make repayment from the fund designated for that purpose. Gannon v. Tyree (1909) 148 Ill.App. 99. * * *

"A note given by an employee to cover the amount by which his drawing account exceeded the amount of his commissions is without consideration, and no recovery can be had thereon, notwithstanding the fact that the employee, at the time of the execution of the note signed a paper acknowl-

edging that he was 'indebted to' the employer for the amount by which the drawing account, which by the terms of the contract was to be applied against commissions, exceeded the commissions earned. Lester C. Hebberd & Co. v. Blake (Sup. 1919) 175 N.Y.S. 478." 57 A.L.R. 35 note.

And in Southern Molasses Co. v. Boutcher, 172 La. 691, 135 So. 27, 28, our Supreme Court said:

"We do not think the claim well founded. It is clear that this allowance was a salary, for plaintiff could receive one-third the profits only if profits were made, and again the drawing could be deducted from the profits only if profits were made. We do not agree with the authorities cited by plaintiff and the position taken by him that this allowance was to be returned in any event and even if no profits were made."

█ The question, therefore, is narrowed to this, Does the contract expressly or impliedly make it obligatory upon the employee, Snell, to repay any excess over advances for commissions earned? We think not. There is certainly no express agreement, as shown by the contract, that the employee was to pay the employer for advances from any fund other than funds due him for commissions. Plaintiff contends, however, that the third clause of the contract, which reads as follows, "It is further agreed that the employee, when called upon to do so, will execute a note bearing 8% interest for the unpaid portion of his account, and that in case any sums are advanced to said employee, said sums shall be considered as an advance or loan, and said employer shall have the right to deduct same from whatever funds may be due said employee at any time that said employer may see fit," clearly implies that the employee was to pay for any advances in excess of his commissions. This clause clearly expresses that the employer shall have the right to deduct from the commissions earned by the employee any amount advanced to him, at any time the employer sees fit. It expresses nothing else, implies nothing more. The right to demand of the employee a note bearing 8 per cent., which was never done, implies nothing more than the right of the employer to charge 8 per cent. interest on the advances in excess of the commissions earned until the commissions earned are sufficient to cover the advances.

The contract clearly implies that advances were to be made to Mr. Snell, as, according to the testimony of Mr. Scharff, manager of plaintiff company, the amount of advances per month was fixed at $100, which clears up any ambiguity in the contract and brings the case clearly under the decisions above cited.

We therefore conclude that the contract of employment does not, either expressly or impliedly, bind Snell to pay to the plaintiff any amount advanced by plaintiff in excess of the commissions earned by Snell; and therefore his widow and minor child are not liable.

The judgment of the lower court is affirmed, with costs.