HARDY, Judge.
This is a suit by plaintiff for recovery of cash advances made defendant over and above commissions earned by the latter under a verbal contract of employment as sales representative for plaintiff. From a judgment in favor of plaintiff the defendant has appealed.
This matter has heretofore been presented to this court on appeal by plaintiff from judgment in favor of defendant sustaining his objection to the allowance and filing of a supplemental and amended petition on behalf of plaintiff, sustaining the exception of no cause of action and dismissing plaintiff’s suit. This court disposed of the issues tendered by ordering the allowance of plaintiff’s supplemental pleading, overruling the judgment sustaining the exception and remanding the case for further proceedings; Rex-Metallic Casket Co. v. Gregory, La.App., 104 So.2d 185.
We are now concerned solely with the merits of the case as developed on trial subsequent to remand.
Plaintiff’s action is predicated upon the contention that its advances to defendant in the total sum of $1,050.00, subject to a credit of commissions earned in the sum of $128.18, constituted a balance due and owing to plaintiff by defendant in the sum of $921.82 under the express terms of a verbal agreement of employment between the parties. Defendant, to the contrary, takes the position that there was no understanding, express or implied, which had the effect of obligating him to repay the amounts advanced-, except insofar as the application of earnings from commissions might be applied thereto.
We find no dispute as to the principles of law which are involved. The general rule was stated, and authorities in support thereof abundantly cited, in the somewhat recent opinion of this court in Bardwell v. Szatmary, La.App., 99 So.2d 420, to the effect that an excess of advances to an employee, over and above commissions deducted therefrom, cannot be recovered by the employer in the absence of either an express or implied agreement or promise to repay the said excess.
It follows that the issue tendered by this appeal is one of fact which must be resolved upon the record before us.
Examination of the evidence discloses the positive testimony by Mr. DeMier, one of the partners in the plaintiff company, that there was a definite understanding with the defendant at the time of his employment that the advances made were to be considered as loans, to be repaid in full, subject to credits for commissions earned. Although defendant first testified in an equally positive fashion that the matter of repayment had never been discussed and that there was no agreement, either express or implied, as to repayment of the advances, he later qualified this testimony in such fashion as to indicate that this purported understanding was not clear and certain.
Fortunately, the record contains written evidence, over defendant’s signature, which we regard as conclusively disposing of the factual issue. Plaintiff forwarded a note representing the amount claimed to be due by defendant, which document the latter refused to sign and returned to Mr. De-Mier, accompanied by a communication dated September 29, 1956. In this letter defendant did not deny the indebtedness but explained at some length his reasons for refusal to sign a note in evidence thereof and promised:
*641 “ * * * I will try and find something else to do and when I have chance will sell one of your caskets to try and pay you back, hut I am not going to sign a note and something happen that would embarass (sic) me and my family.”
From our examination of the record we think plaintiff has successfully discharged the burden of establishing the fact that the agreement of employment contemplated repayment of monies advanced to defendant.
It follows that the judgment appealed from is correct, and, accordingly, it is affirmed at appellant’s cost.