CECIL C. CUTRER, Judge pro tem.
Plaintiff, Boyd A. Williams, d/b/a Boyd A. Williams Associates, instituted this suit against defendant, Robert J. Ligón, seeking to recover the sum of $1,745.40, plus reasonable attorney fees.
Defendant answered and,, in substance, denied that he was indebted to the plaintiff in any sum whatsoever.
From a judgment in favor of defendant, the plaintiff effectuates this appeal.
*132 The evidence preponderates that the plaintiff and defendant became acquainted while both worked as insurance agents for Home Life of New York. The plaintiff subsequently terminated that employment and established his own agency known as Boyd A. Williams Associates. Plaintiff then induced the defendant to become an agent for his organization before August 1, 1959.
On August 1, 1959, plaintiff and defendant entered into an employment contract along with a supplement which was executed by both parties on said date. The supplement contained the following provisions :
“1. Advances by the General Agent are collaterized by notes adjusted semimonthly in accordance with the debit balance. The first note shall show the balance paid by the General Agent and earned commissions as of September 30, 1959. Future balances are shown on the reverse side of note and will be dated and initialed by both the General Agent and the undersigned Special Agent.
“2. Should this agreement be terminated at a time when the Agent is indebted to the General Agent, all commissions shall accrue to the General Agent until the indebtedness has been satisfied. Thereafter, the provisions of the agreement and supplement shall be reinstated.”
According to the provisions of the agreement and supplement entered into by and between plaintiff and defendant, the defendant pursued his duties as an insurance agent for the plaintiff and certain advances were made to the defendant by the plaintiff and notes were executed and adjusted on a semi-monthly basis as provided in the agreement. This relationship continued until November 16, 1959, at which time, defendant was abruptly discharged by the plaintiff. At the time of the discharge, plaintiff presented the note in question to the defendant for his signature. The defendant executed the note which represented the approximate amount of advances that had been made to the defendant subject to certain credits that were given for commissions earned and applied to the advances. Defendant made no payments on this note and suit followed.
The plaintiff strongly contends that this is a suit upon the note, and the note is to be considered separate and apart from any prior contract relationship between plaintiff and the defendant. He contends that the note was not given pursuant to the previously mentioned contract, but was executed by the defendant as a recognition of an indebtedness he owed to the plaintiff.
The defendant, on the other hand, contends that this note was executed in compliance with and as a part of the employment agreement and supplement and, thus, no personal obligation devolved upon the defendant to pay the note.
The issue presented is whether the note was an express agreement by the defendant to pay according to its provisions or whether this note was executed pursuant to the employment agreement and supplement previously executed by the parties.
This Court concludes that the case of Lawton v. Scott, 29 So.2d 614, is indistinguishable and is the controlling jurisprudence in the matter. The court in that case held as follows:
“It is not open to debate that persons competent to contract may qualify and/or make conditional obligations they assume. This is elemental, and when persons so covenant their contract is the law between them and must be enforced as agreed to. In keeping with this legal principle it is permissible for one loaning money to covenant with the borrower that repayment may be made only from a source or sources then in contemplation by the parties, and if the fund or funds from such source or sources prove to be insufficient to extinguish in full the loan *133 or loans thus made, no personal responsibility thereáfter attaches to the borrower. See: American Furniture Co., Inc. v. Snell, et al., La.App., 164 So. 478; Southern Molasses Co., Inc. v. Boutcher, 172 La. 691, 135 So. 27.”
This Court finds that the note was executed pursuant to the contract and supplement entered into by and between the plaintiff and the defendant on August 1, 1959, and thus, the defendant is not personally liable for the payment thereof.
For the reasons herein assigned the judgment appealed from is affirmed with costs.
Judgment affirmed.