CULPEPPER, Judge
(dissenting).
I respectfully dissent from the majority ■decision that the exception of no cause of action must be overruled. It is my opinion that the exception of no cause of action should be sustained, because the contract contained a suspensive condition, as to a future and uncertain event, which is not alleged to have taken place. However, I think this case should be remanded to the district court, for the purpose of allowing plaintiff to amend his petition, so as to allege that the suspensive condition has been fulfilled.
LSA-C.C. Art. 2043 provides that if an obligation is contracted on a suspensive condition, as to a future and uncertain event, the obligation is not due until after the event has taken place. Under the contract in question, plaintiff sold the defendant six race horses for the price of $9,200. The contract expressly states that this purchase price is not to be paid unless or until the horses either: (1) are sold outright by the defendant or (2) are claimed in a “claiming race” or (3) win money in a race. It seems clear to me that these are suspensive conditions, the effect of which is that the purchase price does not become due unless or until one of these events takes place.
Plaintiff’s petition alleges only the contract and that plaintiff has not been paid the purchase price for the horses. The petition does not allege that the horses have ever won any money in a race or that they have ever been claimed in a “claiming race” or that they have been sold outright by the defendant. Thus, under the contract, which is the law between the parties, the plaintiff has failed to state a cause of action in that he has failed to allege that any of these sus-pensive conditions, on which the obligation to pay the purchase price depends, have taken place.
These suspensive conditions cannot be lightly brushed aside, as the majority has done, by simply stating that, regardless of whether the agreement contains a suspen-sive condition, the facts pleaded show that there was an agreement by the defendant to pay the purchase price. In my view, the express stipulation for payment, only in the event of certain events taking place, was of the very essence of the agreement. Horse racing is a most precarious business. The parties to this contract didn’t know whether these horses would ever win money or be claimed in a claiming race. It appears to me they clearly intended that unless and until one of these events occurred, defendant *85 would not have to pay anything on the purchase price. (It is not disputed that a contract can provide for payment only from certain specified sources. Williams v. Ligon, La.App., 144 So.2d 131 and the cases cited therein; 40 Am.Jur. 734, Verbo Payment, Section 33.)
I agree with the majority that there was no purely potestative condition in this contract. I do not think it was left entirely within the power of the defendant to determine whether or not he ever paid the purchase price. LSA-C.C. Art. 2024. I think there was an implied condition that the horses would be raced in an effort to win money or have the horses claimed. LSA-C.C. Art. 2026. However, if it is the contention of the plaintiff that there was an implied obligation on the part of the defendant to race the horses, and that defendant has prevented the fulfillment of the suspen-sive conditions by failing to enter the horses in a race, then in order to state a cause of action under the contract he must certainly allege such facts. (Plaintiff’s counsel stated to us in oral argument that the horses actually have been raced but counsel did not state whether the horses have won any money or been claimed in a claiming race.)
In his brief filed in this court, counsel for the plaintiff has, in the alternative, asked that in the event we conclude the exception of no cause of action must be sustained, we remand this case to the district court for the purpose of allowing him to amend his petition so as to allege that the suspensive conditions have taken place. I think the case should be remanded to the lower court for this purpose, in accordance with the provisions of LSA-C.C.P. Art. 934 which provides for amendment within a delay allowed by the court.