SAVOY, Judge.
Plaintiff appeals from an adverse judgment rendered against him in the district court.
The facts are as follows: Defendant was employed by Franklin Life Insurance *645 Company under written contract of employment as a life insurance salesman and worked under the supervision of plaintiff, an agent of the company. Defendant had previous experience selling life insurance and was recommended to Franklin Life by plaintiff. During defendant’s employment with Franklin Life, he borrowed certain sums of money from it and signed notes for the money received. Plaintiff guaranteed the payments of said notes by signing as a co-maker. When defendant terminated his employment with Franklin Life, he owed a balance on the signed notes of $593.57. Plaintiff paid this sum to Franklin Life, and the company assigned the claim to him. This suit followed.
In answer to the suit defendant denies owing plaintiff or his assignor any sum of money. He takes the position that the sums advanced to him by Franklin Life were against commissions which he might earn in the future and did not constitute an indebtedness on his part. Alternatively, defendant alleges that the incident mentioned herein constituted a joint venture between him and plaintiff which terminated when he left Franklin Life’s employment.
In oral argument and in his brief counsel for appellant states that Section 21 of the original written contract entered into between defendant and Franklin Life was modified by a type-written insertion in the contract which was numbered Section 33.
Sections 21 and 33 of the contract in question are as follows:
“Sec. 21. Any sum that may be advanced or loaned to second party by the Company, General Agent or a Regional Manager, by reason of the provisions hereof, or otherwise, shall be and become a debt of second party to the Company, General Agent or Regional Manager, as the case may be, due and payable immediately on demand, which shall bear interest at the rate of 6% per annum and, subject to the priority of the Company, any such debt or debts owing, at any time, by said second party to his General Agent or Regional Manager, shall become a lien against all present and future commissions earned by said second party, pursuant to the terms of this or any previous contract with the Company.
“It is understood and agreed by second party that any money loaned or advanced by any of the foregoing parties to second party, shall become a lawful indebtedness of second party and shall not be construed as an advance against commissions.
“It is further understood and agreed that the termination of this contract, pursuant to the terms hereof, or otherwise, shall constitute a demand for the payment of any and all indebtedness due and owing by said second party to any of the foregoing persons named.”
if? ^ ‡ ‡ ‡
“See. 33. When all indebtedness of second party to the Luke Savoy Agency and The Franklin Life Insurance Company is fully paid the second party shall be provided with a 70% Graded contract.”
The trial judge found that defendant was a sub-agent of Franklin Life; that the sums which defendant received from Franklin Life were an advance to be taken out of future earnings; and that said money advanced did not constitute a debt. As authority for his holding the trial judge relied on the case of Williams v. Ligon, (La. App., 4 Cir., 1962), 144 So.2d 131.
A review of the Williams case, supra, reveals that the facts in that case are different from those in the instant case. In the Williams case, supra, plaintiff and defendant, both life insurance agents, entered into a contract of employment whereby defendant worked for plaintiff, who had established his own agency. The contract was amended in writing by the parties. The contract provided, generally, that defend *646 ant might receive advances from plaintiff, and, as collateral, defendant was to sign notes adjusted semi-monthly in accordance with the debt balance. The agreement also provided that should it he terminated at a time when defendant was indebted to plaintiff, all future commissions earned by defendant would accrue to plaintiff until the indebtedness had been fully satisfied. The above arrangement or agreement terminated on dismissal of the defendant by plaintiff. At the time of the discharge, plaintiff presented to defendant a note for his signature. Defendant signed the note which represented the approximate amount of advances made by plaintiff, subject to certain credits for commission earned by defendant. Defendant did not pay any portion of the note, and suit followed. Plaintiff contended that the suit was on the note and was to be considered separate from the contract entered into between the parties. Defendant contended that the note was executed in compliance with and as a part of the original and supplemental employment agreement, and thus, he was under no personal obligation to plaintiff. The district judge agreed with defendant and dismissed plaintiff’s suit. The judgment was affirmed on appeal. The Court of Appeal found that the note was executed pursuant to the contract between the parties; and that since no debt was created by said contract, defendant was not personally responsible for the payment of the note. Under the agreement entered into between the parties, the judgments of the district court and of the Court of Appeal are correct. Under the specific terms of the contract, the payment of the notes was to be out of future commissions which might accrue to defendant.
In the instant case Section 21 of the contract provides specifically that any sums which defendant receives become a debt on his part due and payable on demand with interest at 6%, and also acts as a lien on any present or future commission earned by defendant.
Section 33 merely provides that when defendant has paid all indebtedness due under the contract he shall receive a 70% graded contract.
The jurisprudence of this State is to the effect that an excess of advances to an employee, over and above commissions deducted therefrom, cannot be recovered by the employer in the absence of either an express or implied agreement or promise to repay the said excess. Bardwell v. Szatmary, (La.App., 2 Cir., 1957), 99 So.2d 420; Landry v. Huber, (La.App., 3 Cir., 1962), 138 So.2d 449, 95 A.L.R.2d 499; and Rex-Metallic Casket Company v. Gregory, (La. App., 2 Cir., 1959), 115 So.2d 639, (cert, den.). In the Rex-Metallic case, supra, recovery was allowed on an implied agreement.
 We are of the opinion that under the terms of the agreement in this case, when defendant received any sum of money from Franklin Life, a debt came into existence and there was an express agreement or promise to repay the amount of the advance. When defendant received a loan or advance from Franklin Life, he evidenced his promise to pay it by signing a note for said amount before the money was given to him. The alternative claim that this is a joint venture is without merit.
We cannot agree with defendant that the language used in Section 33 of the contract modifies Section 21 to the extent that the debts incurred are payable solely out of commissions.
For the written reasons assigned, the judgment of the district court is reversed and set aside, and judgment is hereby rendered in favor of plaintiff, Luke Savoy, and against defendant, Emery J. Soileau, in the sum of $593.57; with interest on $143.57 at the rate of 6% per annum from January 17, 1963, until paid; on $150.00 with interest at the rate of 6% per annum from January 28, 1963, until paid; on $150.00 with interest at the rate of 6% per annum from February 11, 1963, until paid; and, *647 on $150.00 with interest at the rate of 6% per annum from February 28, 1963, until paid; and for all costs in the district court and in this Court.
Reversed and rendered.