334 So.2d 236 (1976)
DUNCKELMAN DISTRIBUTING COMPANY, INC., Plaintiff-Appellee,
v.
S. Aubrey HYDE d/b/a Hyde Furniture & Appliance (American Electronics, Inc., Garnishee), Garnishee-Appellant.
No. 12926.
Court of Appeal of Louisiana, Second Circuit.
May 24, 1976.
Rehearing Denied July 7, 1976.
Writ Refused October 22, 1976.
*237 James A. Van Hook and J. Patrick Hennessy by J. Patrick Hennessy, Shreveport, for garnishee-appellant, American Electronics, Inc.
Love, Rigby, Dehan & Love, by Kenneth Rigby, Shreveport, for plaintiff-appellee.
Before BOLIN, HALL and MARVIN, JJ.
En Banc. Rehearing Denied July 7, 1976.
HALL, Judge.
Garnishee, American Electronics, Inc., appeals from a judgment against it in favor of the judgment creditor, Dunckelman Distributing Company, Inc., for $1,315.34, the amount found to be due under a garnishment of the wages, salary, commissions or other compensation of garnishee's former employee, S. Aubrey Hyde. We affirm the judgment of the district court.
In 1968, Dunckelman obtained a judgment in Bossier Parish against Hyde in the amount of $2,315.85. The judgment was subsequently made executory in Caddo Parish. In February, 1974, Dunckelman initiated garnishment proceedings against American and interrogatories were served on the garnishee. Pertinent to the instant *238 controversy, the fourth interrogatory and garnishee's answer thereto were as follows:
Fourth Interrogatory:
"Is the said defendant in writ employed by you, and if so, what is his rate of compensation, in what manner is it paid, and whether or not other judgments or garnishments affect such wage, salary or compensation. You being asked and required to make a full disclosure in relation to same."
Answer to Interrogatory:
"Mr. Hyde is a Representative of American Electronics, Inc. on a commissioned pay scale. He receives an expense draw twice each month. He is scheduled to receive compensation when his commission on sales exceeds his expense draws. At the present Mr. Hydes' expense draws have exceeded his commission on sales and he is in a minus condition on his commission pay scale. There are no other Judgments or Garnishments that we know about."
The day following the filing of the answers to interrogatories, Dunckelman obtained an ex parte judgment against the garnishee which judgment recited that the court considered the answers of the garnishee to be in favor of the plaintiff and ordered that there be judgment in favor of plaintiff and against garnishee "for such sums as the defendant herein Aubrey Hyde shall earn over and above the legal exemptions provided by LSA-R.S. 13:3881, said deductions to be made from defendant's wage, salary or commission on the dates upon which he is customarily paid," and continuing until the judgment against Hyde is paid in full or until such time as the defendant shall leave the employ of the garnishee, payments to begin from the first day since the running of the garnishment and to be made direct to the office of the sheriff of Caddo Parish. Notice of judgment was mailed to the garnishee.
No payments were made by the garnishee and on May 28, 1975, the judgment creditor filed a rule against the garnishee to show cause why it should not be commanded to account and pay to the sheriff all sums due under the garnishment judgment or, alternatively, why judgment should not be rendered against it for the full sum of the judgment against the judgment debtor. The garnishee filed an exception of no cause or right of action and answer alleging that at the time the garnishment was served Hyde, who was employed on a commission basis, was indebted to garnishee for expense draws in excess of commissions earned and that such indebtedness was never liquidated by the employee, whose employment was terminated October 7, 1974.
The evidence adduced at trial of the rule, consisting of testimony of American's marketing manager and payroll records, discloses that Hyde was employed as a commissioned salesman on January 15, 1973 and his employment was terminated October 7, 1974. The employee was paid a bimonthly "draw" or "advance" of $350 which was later increased to $375 and then to $400. Out of each bimonthly payment, $100 was treated as a gasoline allowance from which no deductions were made for taxes. From the balance of each bimonthly draw, the employer deducted income and social security taxes. At the time the garnishment was served the employee's draws exceeded the employee's earned commissions by more than $2,000. His commissions never equaled the amount of his draws, and upon termination of his employment the amount of draws still exceeded the amount of commissions earned. There was no evidence of an agreement, express or implied, that the employee was ever obligated to repay to the employer the excess of draws over commissions or that he ever was called upon to or did, in fact, repay any such excess.
After trial, the district court in a written opinion held that the employer failed to establish an agreement, express or implied, that the employee was obligated to repay *239 to the employer any excess of advances or draws over commissions earned, and under the jurisprudence the employer cannot claim an indebtedness due by the employee, citing Savoy v. Solleau, 177 So.2d 644 (La.App.3d Cir. 1965). Judgment was rendered against the garnishee for the nonexempt portion of the employee's compensation paid after service of the garnishment until termination of his employment, in the amount of $1,315.34.
On appeal, garnishee-appellant suggests the trial court erred:
(1) In failing to hold that American was released from the garnishment by plaintiff's failure to timely traverse the garnishee's answers;
(2) In holding that advances against future commissions are not a debt as long as the employee remains in the employ of the employer; and
(3) In computing the amount due to the plaintiff on the basis of the total amount paid to Hyde even though some was an advance against future commissions and some was reimbursement for traveling expenses.
Garnishee-appellant contends that the current proceeding initiated by the judgment creditor amounts to an effort to traverse the garnishee's answers to interrogatories which the judgment creditor can do only within fifteen days after service of the garnishee's answer, and that having failed to traverse the answers within fifteen days, the seizure effected by the garnishment was released, under the provisions of LSA-C.C.P. Art. 2414. Article 2414 provides that unless the creditor files a contradictory motion traversing the answer of the garnishee within fifteen days after service upon him of the notice of the filing of the garnishee's answer, any property of the judgment debtor in the possession of the garnishee and any indebtedness to the judgment debtor which the garnishee has not admitted holding or owing shall be released from seizure.
Under the cited Article of the Code of Civil Procedure, a seizure under garnishment is ipso facto released upon the judgment creditor's failure to traverse the garnishee's answers within fifteen days after service thereof where the answers unequivocally and unconditionally deny possession of property of the judgment debtor or indebtedness to the judgment debtor or in the case of garnishment of wages, deny employment of the judgment debtor by the garnishee. Here, the answers of the garnishee admit employment of the judgment debtor for compensation, the factual element essential to the continuing viability of the seizure under a garnishment of wages. There was, therefore, no need for traversing the garnishee's answer and the judgment creditor's failure to traverse did not operate as a release of the seizure of the judgment debtor's compensation, earned and to be earned. Appellant's argument further ignores the fact that the judgment creditor, on the basis of the garnishee's answer, proceeded to obtain a judgment against the garnishee. The fact that the garnishee's answer hinted at an indebtedness due the employer by the employee and that "compensation" would not be paid until the commissions exceeded the draws (an erroneous legal conclusion as will be hereinafter discussed), did not negate the fact of employment for compensation nor render ineffective the seizure of the nonexempt portion of the debtor's compensation when and if paid and subject to the prior rights of the garnishee if an indebtedness existed.
The seizure became effective upon service of the petition, citation and interrogatories. LSA-C.C.P. Art. 2411. In a wage garnishment, the seizure includes both accrued and future earnings. LSA-R.S. 13:3923. By virtue of the seizure the garnishee became legal custodian of the wages and held them subject to further orders *240 of the court. Sun Sales Co. v. Hodges, 256 La. 687, 237 So.2d 684 (1970). See also Seaboard Finance Corporation v. Anderson, et al, 305 So.2d 598 (La.App. 4th Cir. 1974), writ refused La., 309 So.2d 346.
Payment by the garnishee to the employee after the effective date of the seizure and particularly after the garnishment judgment rendered against it ordering the deduction of the nonexempt portion of the employee's compensation, was at the garnishee's peril.
Garnishee-appellant contends that the judgment rendered on March 5, 1974, did not comply with the requirements of LSA-R.S. 13:3926. The statute provides that where an employee works on a commission basis the judgment shall order a full accounting to be made at each date when such settlements are made and upon the filing of such accounting the court shall fix the exempt portion and order the nonexempt portion paid in satisfaction of whatever judgment may be rendered. The judgment rendered in this case did not contain these detailed provisions. It should be noted, however, that the answers of the garnishee also did not contain the detailed information required of the employer by LSA-R.S. 13:3926 nor the detailed information concerning indebtedness required by LSA-R.S. 13:3925. Further, the garnishee did not ask for a rehearing or new trial nor appeal, nor petition to reopen the case after rendition of the judgment. In any event, the current proceeding for an accounting which developed a full disclosure of the term of employment, the amount of the commissions, the method of payment of such commissions, and the dates on which settlements are made, effected substantial compliance with LSA-R.S. 13:3926. Further, as the evidence shows, the employee was not actually paid on a commission basis but was compensated by regular draws of certain amounts and his commissions never came into play in the calculation of his compensation. Since the employee was not actually paid on a commission basis, although entitled to commissions to the extent they exceeded draws, the provisions of LSA-R.S. 13:3926 are not actually applicable. Also, even if the judgment did not fully conform to the provisions of the statute, the seizure nevertheless remained in effect and the garnishee remained as custodian of the nonexempt portion of the employee's compensation for the benefit of the judgment creditor, subject only perhaps to the judicial determination of the exact amount due, which has now been accomplished. In point is Sun Sales Co. v. Hodges, supra, in which the appropriate judgment against garnishee was not rendered at all until more than two years after the initial seizure and more than one year after the payment of a prior indebtedness of the judgment debtor, from which date the garnishee was required to account, the seizure remaining in effect throughout.
Garnishee-appellant also contends that the "advances" or "draws" against future commissions were a debt of the employee owing to the employer as long as the employee remained in the employ of the employer and that under LSA-R.S. 13:3925 the employer was entitled to recover the amount of the indebtedness before the judgment creditor's garnishment took effect.
As stated previously, at the time the garnishment was served on the garnishee, the employee's draws exceeded his commissions earned by over $2,000 and at no time throughout his employment did his commissions ever exceed his draws. As also previously stated, however, there was no evidence of any agreement, express or implied, that the employee was ever obligated to repay the excess of draws over commissions. There being no obligation to repay the excess of draws over commissions, it follows that there was no indebtedness due by the employee to the *241 employer and the employer was not entitled to the benefit of the provisions of LSA-R.S. 13:3925.
In Savoy v. Soileau, supra, the court held:
"The jurisprudence of this State is to the effect that an excess of advances to an employee, over and above commissions deducted therefrom, cannot be recovered by the employer in the absence of either an express or implied agreement or promise to repay the said excess. Bardwell v. Szatmary, (La.App., 2 Cir., 1957), 99 So.2d 420; Landry v. Huber, (La.App., 3 Cir., 1962), 138 So.2d 449, 95 A.L.R.2d 499; and Rex-Metallic Casket Company v. Gregory, (La.App., 2 Cir., 1959), 115 So.2d 639, (cert. den.). In the Rex-Metallic case, supra, recovery was allowed on an implied agreement."
The employee was compensated by the employer on a regular bimonthly basis. Income and social security taxes were deducted from the regular payments, except for $100 per month which was treated as a gasoline allowance requiring no tax deductions under federal tax regulations. The amounts paid were clearly compensation to the employee for services rendered on behalf of the employer, the nonexempt portion of whichof which is subject to garnishment. Regardless of how denominated, the payments were wages, salary, commissions or other compensation within the meaning of the garnishment statute.
The nonexempt portion of the employee's compensation was correctly calculated by the district court in arriving at the amount of the judgment.
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
Affirmed.