J. Arthur Clarke

*vs.*

Eastern Advertiser Company, and Trustees.

Cumberland.    Opinion September 27, 1909.

*Contract of Hiring.    Same not Ambiguous.    Same Construed.*

The plaintiff and the defendant entered into a written contract, by which the defendant employed the plaintiff to solicit contracts for advertising for the term of twelve months. In two separate clauses of the contract, it was stated that "the company agrees to pay J. A. Clarke, fifteen per cent commission." In another it was stated that "the fifteen per cent commission shall be credited and paid," only under certain conditions therein named. The eighth and twelfth clauses were as follows: "Eighth. A statement of account is to be rendered by the company to J. A. Clarke every three months, or within fifteen days thereafter, together with a check for any monies due him after deducting monies drawn." "Twelfth. The company agrees to allow J. A. Clarke a weekly drawing account of fifty dollars to be charged against commissions earned by him and due to him by the company. Said J. A. Clarke is to pay his own travelling expenses."

The defendant discharged the plaintiff before the expiration of the contract period. In an action to recover damages for this alleged breach of the contract,

*Held:* 1. That the contract was not ambiguous, with respect to the compensation agreed to be paid, and that parol evidence was not admissible to explain it, or to show that the words "weekly drawing account," in the twelfth clause, were intended to mean a guaranteed salary.

2. That the plaintiff was not entitled, under the contract, to a salary of fifty dollars a week, but only to a fifteen per cent commission upon the amount actually paid to the company by the advertisers whose contracts for advertising the plaintiff personally secured.

On exceptions and motion by defendant.    Motion not considered. Exceptions sustained.

Assumpsit to recover damages for breach of contract of hiring, also certain sums alleged to be due for services and expenses. The defendant filed an account in set-off for $1742.96, and pleaded the general issue. Verdict for plaintiff for $1059.60. The defendant filed a general motion for a new trial and also excepted to several rulings during the trial.

The case is stated in the opinion.

*Clarke & Gardner*, for plaintiff.

*Verrill, Hale & Booth, and Clifford E. McGlauflin*, for defendant.

SITTING : WHITEHOUSE, SAVAGE, SPEAR, CORNISH, KING, BIRD, JJ.

SAVAGE, J. Assumpsit to recover damages for breach of contract of hiring ; also certain sums alleged to be due for services and expenses. The case comes up on exceptions by defendant to certain rulings made at the trial.

It appears that on January 28, 1907, the parties entered into a written contract, by which the defendant employed the plaintiff to solicit contracts for advertising and perform such other services as might be required, for the term of twelve months, beginning February 4, 1907. The other clauses of the contract which are material to the present discussion are these :—

THIRD. The Company agrees to pay J. A. Clarke fifteen per cent commission upon such advertising contracts as the said J. A. Clarke may personally secure and which are accepted by the Company, and upon nothing else.

SIXTH. The Company agrees to pay J. A. Clarke fifteen per cent commission upon the amount actually paid the Company by the advertisers whose contracts J. A. Clarke may secure, . . . .

SEVENTH. Payment shall be made only upon the amount actually paid to the company by the advertisers and the fifteen per cent commission shall be credited and paid under no other conditions.

EIGHTH. A statement of account is to be rendered by the company to J. A. Clarke every three months, or within fifteen days thereafter, together with a check for any monies due him after first deducting monies drawn.

TWELFTH. The company agrees to allow J. A. Clarke a weekly drawing account of fifty dollars to be charged against commissions earned by him and due to him by the Company. Said J. A. Clarke is to pay his own travelling expenses.

The plaintiff was discharged by the defendant October 18, 1907, and, as he claims, unjustifiably. And in this action he claims damages for this alleged breach of contract, at the rate of fifty dollars a week, for the remainder of the contract year. In the same count in which this cause is declared, he also alleges that the defendant owed him on October 18, 1907, one hundred and fifty dollars, as salary already earned, under the contract, which he claims to recover. He also has two other counts in his declaration, to recover for other services and for money paid out as expenses.

The first controversy arises concerning the construction of the twelfth clause in the contract, which we have quoted above in full. The plaintiff claims that he was entitled to fifty dollars a week in any event,—that although his compensation was in general measured by commissions earned, yet by that clause the defendants guaranteed him fifty dollars a week, whether his commissions amounted to that sum or not. And at the trial the plaintiff claimed that the twelfth clause was ambiguous, and that being so, parol evidence was admissible to interpret its terms, and to show that the words "weekly drawing account" were intended to mean a guaranteed salary. The presiding Justice so ruled. And to this ruling and to the introduction of parol evidence under it, the defendant excepted.

Of this evidence it is only necessary to say in general that it goes much further than to interpret any phrase in the clause in question. It tends to set up a contract differing from the terms of the writing. It utterly violates the parol evidence rule, which declares that a writing cannot be modified, varied, added to or contradicted by parol. Much of this evidence would be inadmissible, even if, as claimed, the phrase "weekly drawing account" is technical, or uncertain in meaning. But we do not need to consider the character of the evidence further in this case, for taking the phrase "weekly drawing account" in connection with the rest of the contract, and so construing it, we are unable to discover any ambiguity in it. Hence there is nothing to be explained by extrinsic evidence.

The contract again and again fixed the compensation of the plaintiff at a fifteen per cent commission. The reiteration is impressive. The plaintiff was to pay his own expenses. Settlements were to be made every three months, but the defendant was to allow the plaintiff to draw fifty dollars a week, in advance, not as salary, but to be charged against commissions earned and due, and to be deducted at the quarterly settlements from what would otherwise be due, if anything. The parties apparently contemplated that the commissions would amount to more than the advances. But the fact that they did not does not alter the construction of the contract. This exception of the defendant must be sustained.

We deem it unnecessary at the present time to consider the other questions raised by the exceptions.

*Exceptions sustained.*