ALBERT A. THERIAULT *vs.* E. L. KING & CO., INC.

Middlesex.     December 7, 1932. — February 16, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Contract*, Construction, Of employment.

A contract in writing of employment for one year, providing that the employee should sell the employer's goods upon commission and that the employee should be "advanced a drawing account of" a certain sum per week "payable against commission earned," meant that the employer's undertaking to make the weekly advances was in expectation that commissions would be earned by the employee during the year and that when earned they would be applicable to repay the money advanced, and did not mean that the employer guaranteed to pay the stipulated sum weekly without any right of reimbursement and in addition to any commissions earned.

Under the contract above described, the employer advanced weekly sums to the employee for about eight months and then refused to make any further advances until the employee should have earned sufficient commissions to offset the amount already advanced. The employee during the whole year earned commissions in a total sum substantially less than the total of the sums so advanced. In an action by the employee against the employer after the expiration of the year, it was *held*, that the plaintiff could not recover from the defendant the weekly advances which had not been paid to the plaintiff.

CONTRACT. Writ dated March 4, 1930.

The action was tried in the Superior Court before *Morton*, J. The pleadings, material evidence, the disposition of motions by the plaintiff and the defendant and exceptions alleged by the defendant are described in the opinion.

*F. Juggins*, (*O. R. Waite* with him,) for the defendant.

*J. J. Flynn*, for the plaintiff.

PIERCE, J. This is an action of contract wherein the plaintiff seeks to recover a balance of $2,900 due him under a contract of employment with the defendant for a period of one year from February 21, 1928. A copy of the written contract is annexed to the first count of the plaintiff's declaration and reads as follows: "February 21, 1928. E. L. King & Co. hereby contracts with Mr. A. A. Theriault for the latter to take E. L. King & Co.'s line of curtains throughout the United States exclusive of New England for the period of one year from date, the rate of commission to be agreed upon when samples are delivered. It is understood that Mr. Theriault is to devote his entire time to E. L. King & Co.'s goods with the privilege of one side line of Piano Bench-pads and Scarfs. It is further understood that this sale line will not contain any items to conflict with curtain goods or draperies. Mr. Theriault is to be advanced a drawing account of one hundred dollars ($100.00) per week, payable against commission earned. E. L. King & Co. By E. L. King, Treas. Albert A. Theriault." The defendant's answer is a general denial and payment. The defendant filed a declaration in set-off which reads: "Now comes the defendant and by way of set-off says that the plaintiff owes it $1,600 for money loaned by the E. L. King & Co. to Albert A. Theriault." The plaintiff's answer to

the declaration in set-off is a general denial and payment.

At the close of all the material evidence the defendant made written motions that upon all the evidence and the pleadings the judge direct a verdict for the defendant. The motions were denied and the defendant duly excepted. The plaintiff made written motions that upon all the evidence the judge direct verdicts for the plaintiff. The judge allowed the motions and the defendant duly excepted. The jury returned a verdict for the plaintiff by order of the judge and assessed the damages in the sum of $3,441. The verdict was affirmed by the court on April 12, 1932.

At the hearing before the full court on the defendant's exceptions the defendant orally waived its declaration in set-off and stated its contentions to be (1) that the direction of the verdict for the plaintiff was error; (2) that it was error to refuse to direct a verdict for the defendant; and (3) that the measure of damages adopted by the judge was erroneous. We consider the defendant's exceptions on the above footing.

The writ in this action was dated March 4, 1930. At the trial the uncontested evidence was that the parties entered into the agreement above set out; that the plaintiff continued as a representative of the defendant company, under the agreement, for the full period of the contract; that the plaintiff was credited with commissions on all merchandise covered by said agreement sold outside of New England whether the same was sold by the plaintiff or not; that the plaintiff was advanced $100 per week until June 1, 1928, and thereafter, subsequently to a conversation between the plaintiff and the vice-president of the defendant company, was advanced $50 per week until October 1, 1928; that at that time the plaintiff had been advanced more than $2,000 over the amount of his earned commissions, and the defendant refused to make any further advances until the plaintiff had earned sufficient commissions to offset the amount already advanced.

The contract of hire was determined by its own limitation as to time and by the performance of the parties to it

before the writ was purchased in the pending action. The question for decision is not what would be the rights and obligations of the parties to the agreement if the defendant had failed during the term of the agreement to carry out and perform so much of the agreement as provides that "Mr. Theriault is to be advanced a drawing account of One hundred Dollars ($100.00) per week, payable against commissions earned," but is, Was the defendant under the quoted agreement obligated to pay the plaintiff at the end of the term a weekly payment of $100 during the term of the contract regardless of the commissions earned by him? We think the contract before us for interpretation reasonably imports an undertaking by the defendant to advance money weekly to the plaintiff in the expectation that commissions would be earned by him during the term of the agreement, and that when earned they would be applicable to repay the money advanced. We are of opinion that the contract does not amount to a guaranty that the defendant would pay, weekly, the stipulated sum without any right of reimbursement and in addition to any commissions earned. The advancements have resemblance to a loan which was to be repaid the defendant at the termination of the agreement to the extent or amount it was in excess of commissions then earned. See *Menage* v. *Rosenthal*, 187 Mass. 470, 473; *Clarke* v. *Eastern Advertiser Co.* 106 Maine, 59; *Snellenburg Clothing Co.* v. *Levitt*, 282 Penn. St. 65. The cases of *Luce* v. *Consolidated Ubero Plantations Co.* 195 Mass. 84, and *Anagnosti* v. *Almy*, 252 Mass. 492, are not inconsistent with the proposition that the plaintiff to recover against the defendant must prove at the termination of the agreement a balance of account to his credit. Here the evidence showed a balance against the plaintiff. It follows that the exceptions must be sustained and judgment be entered for the defendant.

*So ordered.*