Karno's, the plaintiff herein, filed suit against defendant, Morris Schneider, for $169.94, which plaintiff alleges is due by virtue of the fact that the commissions earned by defendant were less than the amount advanced to him by plaintiff through the medium of a "drawing account".
The defendant admits that he was advanced, or drew from his "drawing account", $169.94 in excess of the commissions which he earned while employed by plaintiff, but maintains that he is not a debtor to his employer for the deficiency of his commissions, and the "drawing account" is only to be offset against commissions actually earned by him.
From a judgment in favor of defendant dismissing plaintiff's suit, plaintiff prosecutes this appeal.
The record reflects that the defendant was employed by the plaintiff, as a salesman, in the year of 1944, at which time he was given a "drawing account" of $216.70 per month, payable semi-monthly, which sum was to be charged against and deducted from defendant's commissions, which ranged from four to six per cent. on the cash and credit sales which he actually consummated. A balance was struck semi-monthly indicating whether the defendant had drawn more than he had earned in commissions. If his account was debited, it was carried over to the succeeding month, in anticipation that excess earned commissions would eventually balance the account. Defendant voluntarily terminated his employment on September 15th, 1948, and admits that advances from his drawing account exceeded his earned commissions by the sum of $169.94. The record is devoid of any express agreement by the employee to repay the excess of advances received from the drawing account over earned commissions.
A fortiori, there is posed only the question of whether the nature of the employment can be construed as raising an implied promise on the part of the employee to the employer for the repayment of moneys drawn in excess of commissions earned.
We think not. The reason in support of the law applicable to the determination of the issue herein involved is set forth with clarity in American Furniture Company, Inc., v. Snell et al., La. App., 164 So. 478. In this case the contract of the salesman employed on a commission basis provided that sums advanced by employer could be deducted from whatever amount might be due the employee, and that if the deduction exceeded the amount due the employee, the employee would then execute a note for the unpaid portion thereof. The Court was of the opinion that the employer could not recover from the deceased salesman's widow advances in excess of earned commissions at time of salesman's death. See also Southern Molasses Company, Inc., v. Boutcher, 172 La. 691, 135 So. 27; Lawton v. Scott, La. App., 29 So.2d 614.
Counsel for plaintiff maintains that the Snell case is distinguished from the case which we are presently considering, in that the salesman in the Snell case died while in the employ of the employer, thus an Act of God intervened and made it impossible for him to liquidate his account, while in this case the employee voluntarily left the employ of Karno's and, therefore, he alone was responsible for the resulting debit in his account. We are not impressed by this rationalization. It is a distinction without a difference created in the ultimate result.
In our opinion the rule is concisely written in 57 A.L.R. 33, in the following language: —
"The rule to be deduced from the authorities is that where the contract of employment provides for advances to the employee, which are to be charged to and deducted from the commissions agreed by the employer to be paid to the employee, as the same may accrue, the employer cannot, in the absence of either an express or implied agreement or promise to repay any excess of advances over the commissions earned, recover from the employee such excess."
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.
JANVIER, J., absent, takes no part. *Page 853