McBRIDE, Judge.
Plaintiff is a real estate broker and employed Ross Qark, defendant, as salesman on a commission basis. Plaintiff made certain advances and loans to defendant during the course of the employment aggregating $628.01; defendant’s earned •commissions amounted to $516, thus leaving a balance due on the drawing account of $112.01, for which plaintiff prays a judgment. The defense is that defendant’s earned commissions more than satisfied the amounts advanced to him. Defendant then assumed the position of plaintiff in recon-vention and claimed of plaintiff the sum of $21.89.
Judgment was rendered in plaintiff’s favor for $78.01, from which defendant has appealed. Plaintiff by way of answer to the appeal seeks to have judgment increased tó the amount prayed for by it.
The record shows that Clark started working for plaintiff in the month of June 1950 and remained as plaintiff’s employee until about July 31, 1951 when he terminated the employment to engage in the insurance business. However, shortly thereafter defendant re-entered the employ of plaintiff, but the record is not clear as to the date of this new connection. At any rate, during the tenure of the employment there was advanced to defendant the sum of $528.01. There is one debit item of $100 on the statement which amount was received by defendant on August 3, 1951 and will be separately discussed. The advances, with the exception of this $100, were made on defendant’s “drawing account” and the record leaves no doubt that the advances so made were to be charged against and deducted from defendant’s commission. There does not appear to have been either an expressed or implied agreement or promise by defendant to repay any excess of advances over and above commissions earned. Therefore, the plaintiff is not entitled to recover the balance of $12.01 due on the drawing account. The established jurisprudence of this state is to the effect that where a salesman is given a drawing account and no agreement for repayment of excess over commissions is agreed to or implied, the employer cannot, on the termination of the employment, recover the excess from the salesman. See American Furniture Co., Inc., v. Snell, La.App., 164 So. 478; Karno’s v. Schneider, La.App., 39 So.2d 851.
Now, as to the $100 debit item on the account. Plaintiff is clearly entitled to recover therefor from defendant. The un-contradicted testimony of A. Gagliano. is that on August 2, 1951 Clark came to his home and informed him that he was going into the insurance business, and Gagliano for the account of plaintiff loaned him $100 to “help him get started in the insurance business.” This, we believe, was purely and simply a loan, and by no stretch of reasoning can it be considered an advance against commissions.
The reconventional demand involves a commission which defendant claims is due him on a “listing” which he had obtained of the property 4521 Laurel Street of which a Mrs. Prager is owner. Clark secured the listing for the Gagliano office and in it the-owner authorized A. Gagliano, Inc., as broker, to find a purchaser for her property agreeing to pay a commission equal to five percent of the price at which the property might be sold.
Under the terms of Clark’s employment he was to receive one-half of the commission on a sale of property he had listed and the other half would go to A. Gagliano, Inc. If a salesman in the Gagliano office made a sale of property listed by another salesman, then the commission would be divided three ways, that is to say, the broker would receive one-third, the listing salesman one-third, and the salesman making the sale one-third. Under regulations of the Real Estate Board of New Orleans, if another 'broker “cooperated” in the sale of property listed by the Gagliano office, the cooperating broker is entitled to one-half the commission, and the other half would belong to the Gagliano office. In such case the portion of the commission ac *254 cruing to A. Gagliano, Inc., was to be divided between itself and the salesman who had secured the listing.
It appears that another real estate broker submitted an offer on behalf of one of its clients, who desired to purchase Mrs. Prager’s property at 4521 Laurel Street for the sum of $8000. Mrs. Prager declined to accept this offer and withdrew her property from the market, so advising Clark. She testified that when Clark was informed of her resolution not to sell, he gave her to understand that whereas the offer had been submitted she was liable for a commission because another broker had cooperated in the transaction and would have to “come in on the commission.” Mrs. Prager then gave -Clark her check for $400.
A dispute arose between A. Gagliano, Inc. and the cooperating broker as to the Prager commission. Plaintiff contended that the other broker was not entitled to share in it, while the latter took the contrary position. Ultimately the dispute regarding a division of the Prager commission was brought to the attention of the Real Estate Board of New Orleans, of which both Gagliano and the cooperating broker .are members. Under the by-laws of the association, a Committee on Grievances, Ethics and Arbitration is set up for'adjusting just such differences between its members or between a member and another party. The cooperating broker lodged a complaint against A. Gagliano, Inc., contending that the latter owed it one-half of the $400 paid by Mrs. Prager. After a hearing, the Committee of the Board decided the matter favorably to A. Gagliano, Inc. Thereupon, the complaining broker perfected an appeal from that ruling to the Board of Directors, which after considering the appeal reversed the finding of the Committee on Grievances, Ethics and Arbitration and ordered A. Gagliano, Inc., to pay the cooperating broker one-half of Mrs. Prager’s commission, or $200. A. Gagliano, Inc., was also cast for the costs of the hearing before the Grievances, Ethics and Arbitration Committee and for the expenses of the appeal, which in all amounted to $68. Plaintiff complied with the order.
Clark contends that he is not bound by the decision of the Real Estate Board, and that notwithstanding the order which directed that Gagliano divide the commission with the other broker and pay costs, he is entitled to one-half of the $400 commission. We see no merit in this contention. The members of the Real Estate Board are firmly bound by its rules and regulations and provision is made for penalties against recalcitrant members.
When Clark entered into the employ of A. Gagliano, Inc., he was well aware that his employer was a member of the Real Estate Board and that he, as well as the employer, was to be bound by all of its rules and regulations. A. -Gagliano testified that if a salesman did not agree to abide by the rules of the Board he would have to sever connection with the office.
It would be highly inequitable to say that A. Gagliano, Inc., should pay defendant $200, when as a matter of fact it only received out of Mrs. Prager’s commission a net amount of $132. Defendant, on the statement annexed to the petition, is given credit for $100 as his share of the commission and is correspondingly debited with $34, one-half o-f the expenses connected with the proceedings before the Real Estate Board. Our opinion is that under the facts and circumstances A. Gag-liano, Inc., correctly divided the commission insofar as Clark is concerned. The reconventional demand must fall.
‘Clark cannot complain of being charged with one-half the expenses incurred in connection with the dispute. While A. Gagliano, Inc., was to pay all the overhead expenses of its real estate business, we do not think that the costs which plaintiff was compelled to pay should toe included in or considered as “overhead” or as an expense of the business.
Therefore, for the reasons assigned, the judgment appealed from is amended so as to increase the judgment in favor of plaintiff to the sum of $100 and to dismiss the reconventional demand. As thus amended, the judgment will be affirmed.