210 So.2d 60 (1968)
William GRACE
v.
Richard MORALES.
No. 7341.
Court of Appeal of Louisiana, First Circuit.
April 8, 1968.
Rehearing Denied May 27, 1968.
*61 Charles B. Johnson, of Chaffe, McCall, Phillips, Burke, Toler & Hopkins, New Orleans, for appellant.
Philippi P. St. Pee, of Stringer & Manning, Harahan, for appellee.
Before LANDRY, REID and BAILES, JJ.
LANDRY, Judge.
This devolutive appeal by plaintiff, William Grace, is taken from the decree of the trial court granting the motion of defendant, Richard Morales, for summary judgment rejecting and dismissing plaintiff's demand for the sum of $3,513.21 allegedly due as unpaid balance upon advances made to defendant while defendant was employed by appellant as a special agent to sell life insurance in an allotted territory. We find that the trial court improperly sustained defendant's motion for summary judgment and remand this cause to the trial court for further proceedings.
The petition alleges in substance that on April 20, 1965, plaintiff, a General Agent for John Hancock Mutual Life Insurance Company, entered into a written contract with defendant denominated "Special Agent's Commission Agreement", a copy of which is attached to plaintiff's petition. Plaintiff also asserts that according to the terms of the written instrument, defendant employee agreed to accept, as full compensation for his services, commissions to be paid at the rates set forth in the agreement. It is further averred that, as customary in the trade, advances of money were made by appellant to appellee with the expectation that said advances would be repaid either by direct payment by defendant or by retention by plaintiff of commissions earned and due under the contract of employment. Finally, the petition alleges advances in the sum of $3,513.21 in excess of earned commissions, for which sum plaintiff prayed for judgment.
Defendant answered plaintiff's petition admitting the contract of employment but denying all remaining allegations of any consequence. Simultaneously with the filing of his answer, respondent also filed a motion for summary judgment. Attached to appellee's motion for summary judgment was an affidavit executed by defendant in which he admitted signing the employment contract sued upon. Additionally, defendant asseverated that the contract in question represents the entire agreement between the parties and that there are no other independent oral or written covenants between the litigants, either express or implied.
Plaintiff filed no counter affidavits prior to trial of defendant's motion for summary judgment. Subsequently, however, plaintiff filed in this court an affidavit alleging in effect that the original contract was not the only agreement between the parties but that said pact was amended by a subsequent agreement or agreements. Defendant maintains that plaintiff's said affidavit was not timely filed and should not be considered by this court.
In continuing to urge his motion for summary judgment, defendant relies upon the well established rule that excess advances to an employee, engaged on a commission basis, over earned commissions or profits cannot be recovered by the employer in the absence of an express or implied agreement by the employee to repay the overplus. In so contending appellee relies upon Landry v. Huber, La.App., 138 So.2d 449, 95 A.L.R.2d 499 and Bardwell v. Szatmary, La.App., 99 So.2d 420, and authorities therein cited.
On the other hand, appellant maintains the trial court erred in granting defendant's motion for summary judgment because under the pleadings, attached exhibit and affidavits, defendant is not entitled, as a matter of law, to judgment dismissing plaintiff's action on a motion for summary judgment. More particularly, appellant argues the authorities relied upon by defendant involve situations wherein the terms of the contracts sued upon were different from those involved in the instant case. In this regard *62 plaintiff contends the cited authorities involved circumstances in which the agreements provided for a stipulated monthly advance paid the employee pursuant to an arrangement for an agreed drawing account with the understanding that the employer shall look solely to earned commissions to offset such advances and that the employee shall not be personally bound therefor.
Appellant readily concedes appellee has correctly stated the rule announced in Landry v. Huber, supra, and Bardwell v. Szatmary, supra, but contends the principle therein announced is without application to the case at hand by virtue of certain specific provisions contained in the contract presently before the court.
In so arguing, appellant relies upon the provisions of Paragraphs Five (5) and Twenty-one (21) of the agreement appearing of evidence, which read as follows:
"5. General Agent will allow Special Agent, and Special Agent hereby agrees to accept as full compensation, commissions at the rates shown for the plans of policies specified in the Schedule of Rates of Commissions, as hereinafter set forth, subject to the provisions of this agreement, upon premiums or instalments thereof on policies issued on applications procured under this agreement, when collected and paid over to General Agent, but commissions on premiums paid in advance will not be payable until the anniversary date of the policy on which the premiums would have been payable." (Emphasis by the Court.)
21. General Agent may withhold and retain from any commissions due Special Agent a sum sufficient to discharge any debt or to repay the balance of any advance, due from Special Agent to General Agent; or any legal expense in connection with garnishment proceedings." (Emphasis by the Court.)
For purposes of disposition of defendant's motion for summary judgment, it is significant to note that neither the petition, answer of defendant nor affidavit of respondent state the manner or amounts in which the alleged advances were tendered by plaintiff. This undisclosed circumstance is of extreme importance and insofar as the record presently discloses, the details regarding this material issue could easily be in dispute between the litigants.
We are in complete accord with defendant's statement of the law as expounded in Landry v. Huber, supra, and Bardwell v. Szatmary, supra. The rationale of these authorities is that where a contract of employment provides for advances to an employee, which are to be charged against commissions earned, the employer cannot, in the absence of either an express or implied agreement or promise to repay, recover from the employee personally. Bardwell v. Szatmary, supra. The reasoning is that the employee may not be expected to assume the entire risk of possible failure of such an undertaking. Rather, the agreement is regarded as a joint adventure in which the employee furnishes his time and talents and the employer supplies the funds necessary to enable the employee to function and operate. Since both parties anticipate that earned commissions will produce a fund from which each will be fully compensated, such advances are therefore not considered loans to the employee but rather as funds advanced in a speculative endeavor. Richmond Dry Goods Company v. Wilson, 105 W.Va. 221, 141 S.E. 876, 57 A.L.R. 31-33, cited with approval in Bardwell v. Szatmary, supra.
Since this is an action upon a written contract, we are disposed to set forth certain rules of construction which we deem applicable to the matter before us for resolution.
It is a well established rule of law that parties may contract as they will and any agreement between them not contra bonos mores or violative of express law constitutes the law between them and will be enforced by the courts. Meaux v. Southern Construction Corporation, La.App., 159 So. 2d 156.
*63 Contracts must be interpreted to achieve the intent and result intended by the parties thereto. When such intent is clear and express in the agreement itself, the terms of the contract prevail. Where contract provisions are ambiguous, unclear or uncertain, attending circumstances may be shown to remove the ambiguity or uncertainty. Mixon v. St. Paul Fire & Marine Ins. Co., 147 La. 302, 84 So. 790.
The authorities relied upon by defendant do not prevent an employer and employee from expressly contracting to the effect that an employee may assume personal responsibility for advances made over and beyond commissions earned. On the contrary, they expressly recognize that an employee may so bind himself either expressly or by implication. In cases of this nature the question is did the employee so contract and obligate himself? This, of course, is an issue to be determined in the light of all the facts and circumstances attending each particular case.
The fact that appellant did not answer appellee's affidavit alleging the written contract to be the only agreement between the parties and that there were no other incidental agreements written or verbal, is a matter of no moment herein. In this respect plaintiff is relying first upon the terms of the contract which plaintiff alleges obligates defendant personally on its face. Secondly, plaintiff's petition expressly alleges the advances were made with the expectation reimbursement would be made either by direct payment from defendant or retention of commissions. This assertion, viewed in the light of the provisions of paragraph five of the contract is sufficient to put at issue the question of whether defendant intended to be personally bound, irrespective of plaintiff's failure to file a counter affidavit. It is well established jurisprudence that in disposing of a motion for summary judgment, the pleadings and annexed documents as well as the affidavits must be considered. Lake Charles Harbor & Terminal Dist. v. Farquhar, La.App., 196 So.2d 847.
The pleadings and exhibits in the instant case appear to distinguish the present matter from Landry v. Huber and Bardwell v. Szatmary, supra. In the first of the cited cases we note the court found a verbal contract for a $100.00 per month drawing account and also found no express or implied agreement on the part of the employee to repay the excess of advances paid over commissions earned. In the latter quoted authority, a written contract provided for a monthly drawing account of $450.00 to be deducted from the employee's share of the net profits resulting from his management of a certain company office. The terms of the contract set forth in a footnote to the opinion in the Bardwell case, supra, does not disclose a provision similar to that contained in paragraph five of the contract herein under consideration.
While we are not herein called upon to adjudicate a factual dispute, we note that paragraph 21 of the present agreement stipulates that plaintiff may retain from earned commissions "* * * a sum sufficient * * * to repay the balance of any advance. * * *" This language, coupled with the provisions of paragraph five to the effect the employee agrees to accept his commissions as full compensation for services rendered certainly affords grounds for plaintiff's position herein. We wish it understood, however, that we are not herein adjudicating the issue but merely refer to the mentioned circumstances to show that, as the record stands, a dispute as to a serious and material fact exists between the parties. This issue, as we view it, is the intent of the parties which we find from the record is very much in dispute.
That plaintiff failed to file a counter affidavit is a matter of no moment herein. As hereinabove shown, the pleadings and annexed documents themselves show a dispute as to the very circumstances on which defendant relies. In view of the conclusions herein reached, it is unnecessary to pass upon the propriety of plaintiff filing a counter affidavit in this court. It suffices to state that we did not consider appellant's *64 counter affidavit but reached our conclusions on the basis of the initial petition, annexed contract and defendant's affidavit.
The rule is now well settled that summary judgments are to be granted with caution. They may be granted only when the movant is clearly entitled to such relief as a matter of law and are never to be substituted for a trial on the merits. Delta Equipment and Construction Company v. Royal Indemnity Company, La.App., 186 So.2d 454.
Under the attending circumstances, we find that defendant may not be said to be entitled to judgment as a matter of law. Rather we discern the existence of a dispute which can only be resolved by trial on the merits wherein both parties are accorded an opportunity to establish the merits of their conflicting claims by proper evidence.
Accordingly, the judgment of the trial court dismissing appellant's suit upon motion of defendant, Richard Morales, for summary judgment is hereby annulled, reversed and set aside and this cause remanded to the trial court for further proceedings.
Reversed and remanded.