389 So.2d 401 (1980)
M & D SIMON COMPANY, Division of Bobbie Brooks, Inc.
v.
Jody BLANCHARD.
No. 11204.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1980.
Order On Rehearing July 25, 1980.
On Rehearing September 16, 1980.
G. Phillip Shuler and David L. McComb, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, for defendant-appellant.
Henry B. Hoppe, Jr., Lee, Hoppe, Martiny & Caracci, Metairie, for plaintiff-appellee.
Before REDMANN and SCHOTT, JJ., and SARTAIN, J., Assigned.
SCHOTT, Judge.
Defendant Jody Blanchard was employed as a salesman by plaintiff, M & D Simon Company, from December, 1976, until March 15, 1977. Plaintiff brought this suit against Blanchard for $722.55 as the value of clothing samples issued to Blanchard for his use as a salesman. Blanchard reconvened for unpaid compensation plus statutory penalties and attorney's fees. From a judgment in favor of plaintiff on the main demand and dismissing the reconventional demand Blanchard has appealed.
The main demand is not in dispute in this court. The issues are whether Blanchard, who was employed on the basis of a draw against a commission, is entitled to a draw, even though previous draws had exceeded the commission earned, and if so, whether he is entitled to statutory penalties and *402 attorney's fees under the circumstances of this case.
Defendant's employment was on the basis of an oral contract in which he was to receive a 5% commission, against which he would draw $550 per week, of which half would be treated as salary and the other half as an allowance for travel and other expenses. On Wednesday, March 15, Blanchard was notified that the company's efforts to sell out had been unsuccessful and it was being liquidated so that Blanchard's employment was terminated. The last payment for his draw was made on Saturday, February 26, paying him through that date, so that he was due $1267 for the last two weeks and two days of his employment. Plaintiff took the position that Blanchard's previous draws exceeded his 5% commission by an amount in excess of the $1267, so that Blanchard was not entitled to the final draw.
Plaintiff's position is contrary to the law as expressed in Landry v. Huber, 138 So.2d 449 (La.App. 3rd Cir. 1962), to which we fully subscribe. In the absence of an agreement to the contrary a drawing account is in the nature of a guaranteed minimum compensation for the employee's services and not a loan against commissions or profits to be earned. Therefore, Blanchard is entitled to a judgment on his reconventional demand in the amount of $1267.
As to his claim for statutory penalties and attorney's fees under LSA R.S. 23:632, there is no evidence that Blanchard made any demand whatsoever on plaintiff until he filed his reconventional demand in these proceedings. His failure to make the demand, in accordance with R.S. 23:631, precludes him from recovery of penalties and attorney's fees. Mitchell v. Fein, 281 So.2d 463 (La.App. 4th Cir. 1973).
Accordingly, the judgment on the main demand is affirmed. The judgment on the reconventional demand is reversed, and there is judgment in favor of plaintiff in reconvention, Jody Blanchard, and against defendant in reconvention, M & D Simon Company, Division of Bobby Brooks, Inc., in the full and true sum of $1267, with legal interest from date of judicial demand until paid. All costs of these proceedings are taxed against plaintiff, M & D Simon Company, Division of Bobby Brooks, Inc.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.

ORDER
We grant rehearing on the application of Jody Blanchard, defendant and plaintiff in reconvention.
The matter will be submitted on rehearing on any additional briefs the parties may wish to file on or before August 31, 1980. The parties' attention is called to Carriere v. Peewee's Equipment Co., 364 So.2d 555 (La.1978).

ON REHEARING
We granted a rehearing on the application of Jody Blanchard, defendant and plaintiff in reconvention, in order to reconsider his entitlement to penalties and attorney fees under R.S. 23:632.
With respect to penalty wages a good-faith non-arbitrary defense to liability for unpaid wages permits the court to excuse the employer from the imposition of additional penalty wages. Carriere v. Pee Wee's Equipment Co., 364 So.2d 555 (La. 1978). The instant case was initiated by the employer with a claim for the value of samples in the amount of $722.55. When plaintiff was confronted by a reconventional demand for unpaid wages in excess of that figure it was not unreasonable to resist that demand considering the ultimate authority on which we based liability for the unpaid drawing account was a single Court of Appeal decision from another circuit. Under these circumstances, we have concluded that the employer's defense was in good faith and was not arbitrary so that imposition of penalty wages is not warranted.
On the other hand, Blanchard is clearly entitled to recover attorney fees. We held in our original opinion that his failure to make demand precludes him from *403 recovering attorney fees. However, that was inconsistent with Carriere v. Pee Wee's Equipment Co., supra, where it was held that a suit for unpaid wages and a denial of liability on the part of the employer is a sufficient basis for the imposition of attorney fees irrespective of lack of a demand prior to the suit being brought. The record supports an allowance of attorney fees to Blanchard in the amount of $500.00.
Accordingly, the judgment on the main demand is affirmed. The judgment on the reconventional demand is reversed, and there is judgment in favor of plaintiff in reconvention, Jody Blanchard, and against defendant in reconvention, M & D Simon Company Division of Bobby Brooks, Inc., in the full and true sum of $1267.00 with legal interest from date of judicial demand until paid, together with attorney fees in the amount of $500.00. All costs of these proceedings are taxed against plaintiff, M & D Simon Company Division of Bobby Brooks, Inc.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.