570 So.2d 212 (1990)
Gary MOLLERE
v.
CREOLE ENGINEERING SALES COMPANY, INC.
No. 90-CA-414.
Court of Appeal of Louisiana, Fifth Circuit.
November 14, 1990.
Rehearing Denied December 17, 1990.
Writ Denied February 8, 1991.
Robert G. Stassi, Chehardy, Sherman, Ellis & Breslin, Metairie, for defendant/appellee.
David L. Neeb, Metairie, for plaintiff/appellant.
Before GRISBAUM, DUFRESNE and WICKER, JJ.
WICKER, Judge.
Gary Mollere appeals the denial of his claims against his former employer, Creole Engineering Sales Company, Inc. (Creole), under an employment contract. The issues are the interpretation of the employment contract and the applicability of certain statutes governing the employment relationship. We affirm in part, modify in part, and render.
Mollere went to work for Creole as an outside commission salesman on March 2, 1979. His contract with Creole was for two years and would have expired in March of 1981. However, the contract provided that it would be considered renewed for an additional two years on the same terms. Neither party took action to terminate the contract at the end of its two-year term, and it was automatically extended until March 1983. Creole terminated Mollere's employment on April 16, 1981, but carried him on the books until the end of the month. Mollere had at that point already made some sales for Creole on which he had not yet received his commission.
Mollere sued Creole for unpaid commissions and penalty wages under La.R.S. *213 23:631. He supplemented and amended his petition to add claims for a $2,000.00 per month draw for the duration of the second two-year term.
Prior to the trial the parties stipulated that Creole owed Mollere $6,638.02 in unpaid commissions, part of which Creole had tendered to Mollere with Mollere refusing the tender. The judge awarded Mollere the stipulated commissions but denied any other relief, finding that he had failed to prove his claim by a preponderance of evidence.
Mollere claims that the judge erred in not awarding him "the remaining amount due under his fixed term employment contract", in allowing a fifty percent post-employment commission reduction, and in failing to award attorney's fees and interest.
Several provisions in the employment contract are relevant:
Either of the parties hereto shall at all times have the right to terminate this agreement at any time without notice in the event of any material breach of this agreement by the other.
In the event of termination of this contract, except for breach thereof by Agent, Agent will be entitled to receive, for a period of one year following such termination, an amount equal to one half of the commissions earned by him on the books of Principal but not received by Principal at the time of such termination....
. . . .
Principal and Agent anticipate that Agent's compensation for such services will be not less than $12,000.00 per annum, although Principal does not guarantee that amount.... In the event that it should become necessary for either of the parties hereto to institute any legal action to enforce any of their respective rights under this agreement, the party who shall be found to be in breach hereof shall be liable, in addition to any other legal or equitable remedy, for all costs incurred by said aggrieved party in pursuing such remedy, including reasonable attorney fees.
. . . .
Prinicipal agrees to pay to Agent in compensation for his services under this contract a gross commission in an amount equal to 35 percent of the commissions received by Principal on all sales made by Agent hereunder during any commission period.... such gross commission shall have been earned by Agent only as and when the funds of which they form a part have been actually received by Principal. Such gross commissions shall be subject to deductions by Principal to cover certain defined expenses, including, but not necessarily limited to, monthly draws against commissions....
. . . .
Against said net commissions, Agent shall be entitled to a monthly drawing account up to the sum of $2,000.00 during any calendar month. At the end of each commission period all amounts so drawn shall be deducted from the gross commissions earned by Agent as hereinabove set forth. Such drawing account shall be subject to change at any time at the discretion of Principal.
Mollere and Creole have entered into a valid employment contract, and that contract has the effect of law. La.C.C. art. 1983. The contract permits Creole to terminate Mollere's draw at any time at its discretion. Nothing in the contract obligates Creole to pay this amount to Mollere for the duration of the contract, and we do not believe the judge was clearly wrong in finding that Mollere had failed to prove entitlement to this amount. Rosell v. E.S.C.O., 549 So.2d 840 (La.1989). A draw is not a salary, and the cases cited by Mollere are distinguishable. In Landry v. Huber, 138 So.2d 449 (La.App. 3rd Cir. 1962) and M & D Simon Co. v. Blanchard, 389 So.2d 401 (La.App. 4th Cir.1980), plaintiffs' claims were for the draw not paid to them during their employment. In the instant case, the issue is Mollere's entitlement to his draw after his employment had been terminated. Also, in Landry v. Huber, supra, the court qualifies its holding that a draw was in the nature of a guaranteed minimum compensation by noting "[u]nless the parties have agreed otherwise" *214 At 450. Here Mollere and Creole "agreed otherwise."
Mollere had previously earned commissions which had not yet been paid at the time of his termination. The contract provided that he was only entitled to recover fifty percent of those commissions, the reduction reflecting the cost of servicing Mollere's accounts with other salesmen. Mollere claims that this reduction is a wage forfeiture in violation of La.R.S. 23:634.
However, Mollere and Creole had stipulated that the total amount of commissions owed was $6,638.02; and the judge awarded the stipulated amount. Whatever the terms of the contract, and whether or not Mollere was fired for cause, we believe that this stipulation is the law between the parties.
La.C.C. art. 1853 provides:
A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it.
A judicial confession is indivisible and it may be revoked only on the ground of error of fact.
The Louisiana Supreme Court has held that stipulations have the effect of judicial confessions. They become the law of the case and are binding on the trial court "when not in derogation of law." R.J. D'Hemecourt Petroleum v. McNamara, 444 So.2d 600, 601 (La.1983), cert. den. 469 U.S. 820, 105 S.Ct. 92, 83 L.Ed.2d 39 (1984). See also Comberrel v. Basford, 550 So.2d 1356 (La.App. 5th Cir.1989), writ denied 556 So.2d 1284-86 (La.1990).
We hold that Mollere and Creole validly entered into a stipulation regarding the amount of any commissions due Mollere and that both parties are now bound by that stipulation. Consequently, we do not believe the judge was clearly wrong in rendering judgment in this amount. Rosell v. E.S.C.O., supra.
Mollere had sought an award of attorney's fees on both statutory and contractual grounds. An award of attorney's fees is mandatory when an employee brings a successful suit for unpaid wages. La.R.S. 23:632; Howser v. Carruth Mortg. Corp., 476 So.2d 830 (La.App.5th Cir. 1985). While Creole admitted at trial that $6,638.02 was due in unpaid commissions, Mollere had to wait from April 1981 until now to get his money. Creole notes that it tendered part of the money to Mollere and he returned it. The record shows that Creole tendered three checks to Mollere dated June 23, 1982, consisting of $647.14 in commissions, a $1,500.00 refund on Mollere's security deposit, and $75.00 in interest on the security deposit. The checks were accompanied by a letter from Creole's attorney stating, "It is the position of Creole Engineering Sales Company, Inc. that these checks cover all remaining amounts owed to Mr. Mollere. Accordingly, they are tendered with that understanding."
There was thus a difference of $4,415.88 between what Creole offered Mollere and what ultimately Creole admitted was due him. We believe that this constitutes a successful suit for unpaid wages, entitling Mollere to an award for attorney's fees under R.S. 23:632. We believe an adequate award to be $1,500.00 and increase the award in Mollere's favor by that amount. His attorney filed a number of pleadings, engaged in discovery, tried the case over the course of a day, and achieved a favorable result for Mollere. We do not make an award of attorney's fees under the contract, however, as we do not believe Creole breached its contract with Mollere. We also believe, in light of the fact that Mollere has waited over eight years for the money admittedly due him, that he is entitled to interest on the judgment from the date on which it was due, or April 30, 1981.
We affirm the judgment but modify it in favor of Gary Mollere and against Creole Engineering Sales Company, Inc. in the amount of $1,500.00 attorney's fees and interest from April 30, 1981, until paid. The costs of this appeal must be equally shared by Mollere and Creole.
AFFIRMED IN PART, MODIFIED IN PART, AND RENDERED.