CARAWAY, Judge.
Michael and Melissa Scott appeal from a judgment ordering them to repay $4,950.00 to Michael Scott’s former employer, Johnny Sepulvado, d/b/a Sepulvado Construction Co. The amount in dispute was the sum of certain advances by the employer to the employee which were to be repaid out of commissions later earned by the employee. Finding that the parties’ oral employment agreement was silent regarding Scott’s obligation to repay in the absence of his earning any commissions, we now reverse the trial court’s ruling requiring repayment by the employee.

Facts

Michael Scott, a Home Depot employee, was earning fourteen dollars an hour in February, 1995. While working at Home Depot, Scott met Johnny Sepulvado. On several occasions, Sepulvado and Scott spoke about the possibility of Sepulvado hiring Scott as ah estimator for construction or repair jobs. Estimators are responsible for identifying potential construction contracts, pricing the work and placing a bid. If successful in bidding for the contract, an estimator for Sepulvado would then oversee the work as the job was carried out.
Prior to beginning work for Sepulvado in late February of 1995, Scott and Sepulvado discussed Scott’s compensation in Sepulva-do’s office. Sepulvado testified that he agreed to pay Scott a draw of $450 a week for ninety days which would be repaid out of future commissions. After the expiration of the ninety day period Scott would work solely on commission. Scott testified that Sepul-vado agreed to pay him a guaranteed salary of $450 a week for ninety days and after that period then Scott would work for commission. According to Scott, Sepulvado never mentioned repayment of the weekly sum until after Scott quit the job.
After his first week of work for Sepulva-do Construction, Scott failed to receive a check. When he questioned the bookkeeper, Mrs. Nelwyn Sepulvado, she contacted her husband who instructed her that Scott would receive a $450 weekly draw for ninety days and then go on commission. No payroll, income or other taxes were withheld by Mrs. Sepulvado and the checks were listed as receivables on the company’s books. Scott received eleven $450 checks from Sepulvado Construction. On five of the cheeks, Mrs. Sepulvado wrote the word “Draw” on the bottom of the check.
As the ninety day period came to an end, Scott had failed to earn any commissions. Realizing his need for a regular income, Scott informed Sepulvado that he was quitting. According to Sepulvado, Scott requested that an IOU be drawn up memorializing his debt. Sepulvado asserted that Scott promised to work on weekends to sell some jobs and obtain commissions in order to pay his debt. Scott admitted discussing an IOU with Sepulvado but claimed he was only trying to appease Sepulvado who Scott feared.
In his reasons for judgment rendered at the close of the evidence, the trial court reviewed both men’s views of their oral agreement, as follows:
Obviously we have two completely different versions of what the employment arrangement was. I think perhaps that each one of the parties may believe what they testified to. I don’t know that I can determine whether one or none of them is not telling the truth, but I think what — by the Court’s estimation — what tips the scale in the favor of the plaintiff are basically two *511 factors. One, the issue about or the question that no taxes were withheld from these checks.
* * * * * *
[A]s far as the Court can determine, several of these checks are marked as draws. Not all of them, but I believe five of the eleven were marked as draws and that would — from the Court’s viewpoint — that is enough to convince the Court that the payments that were made to Mr. Scott were draws against future commissions as has been alleged by the plaintiff, so accordingly there will be judgment in favor of the plaintiff as prayed for.
In a motion for new trial, Scott raised for the first time the legal argument that in the absence of an express agreement to the contrary, a drawing account is in the nature of a guaranteed minimum compensation for the employee’s services and not a loan against commissions or profits to be earned. The trial court rejected this argument and denied the motion for new trial. On appeal Scott asserts the evidence was insufficient to permit a finding for Sepulvado and re-urges the legal argument raised in his motion for new trial.

Discussion

The present conflict regarding a drawing account and unsubstantial commissions has been a recurring problem in employment settings. A significant decision of this court which discussed the jurisprudential resolution of such conflicts' in this state and other states is Bardwell v. Szatmary, 99 So.2d 420 (La.App. 2d Cir.1957). The legal principle recognized in Bardwell, which we now follow, was belatedly and somewhat vaguely argued to the trial court only in the motion for new trial, and its impact did not change the trial court’s earlier expressed choice of the employer over the employee in this misunderstanding. Nevertheless, the jurisprudence sides with the employee in similar factual situations.
In Bardwell, the plaintiff had paid .the defendant advances under a weekly drawing arrangement for about one year when their employment relationship ended. The plaintiff then determined that the advances had exceeded the commissions which the defendant had earned, and suit resulted, like the present ease, when the plaintiff/employer sought reimbursement for the shortage. The key factual finding of the trial court in Bard-well was that during the parties’ verbal Uexchange negotiating the employment arrangement, there was no conversation in which the defendant was expressly told that he would be personally liable for the shortage on the drawing account.
This court, citing holdings from other courts, expressed the following opinion:
“We cannot construe this engagement to imply that all the risk was taken by the employee. We regard it rather as signifying a joint enterprise in which the employee furnished-.his time and ability and the employer furnished the money necessary to enable the employee to devote himself thereto. Both expected the adventure to produce a fund (the earned commissions) from which each would be fully compensated — the one for his time and labor, and the other for his money. The advances are therefore not regarded as loans to the employee but as speculations in a common enterprise.’ ”
* * * * * *
“Thus, it may be stated that the established jurisprudence of this State is to the effect that where a salesman is given a drawing account and no contract for repayment of excess over commissions is agreed to or implied, the employer cannot, on the termination of the employment, recover the excess from the salesman.”
Id., at 423. See also, Landry v. Huber, 138 So.2d 449 (La.App. 3d Cir.1962) and Grace v. Morales, 210 So.2d 60 (La.App. 1st Cir.1968).
From our review of the testimony of what each man reported to have stated to the other at the time of Scott’s hiring, there is no issue of credibility in the testimony of the parties. As confirmed by the holding of the trial court, quoted above, Sepulvado and Scott harbored two completely differing views regarding the arrangement, yet each party could believe what they truthfully testified to at trial. This was because neither ever stated in the testimony, that in their *512 critical conversation with one another regarding the drawing account and commissions, Scott was told, or admitted to Sepulva-do, that he would be obligated to repay the advances regardless of whether any commissions arose. In other words, the Ificontingency left unaddressed by the parties in their enthusiasm and expectancy for the new job was the downside contingency that substantial commissions would never be earned. With no meeting of the minds for that contingency which was not addressed in their oral agreement, the policy choice expressed in Bardwell in favor of the employee governs this case.
Accordingly, we reverse the ruling of the trial court in favor of the employer, Johnny Sepulvado, and dismiss his suit against appellants. Costs of the appeal are assessed to appellee.
REVERSED.